Judge Grimke
delivered the opinion of the court:
The question is, whether there has been a sufficient designation of this flour to authorize trover to be brought for it. Some of the English decisions teach a doctrine which is very latitudinarian, while others, and those the most recent, adhere to the settled principle that where a part of an undivided mass of property is sold, it is necessary that some further act should be done, specifying and identifying the part sold, before the action of trover will lie. In Whitehouso v. Frost, 12 East. 614, whore a man having forty tons of oil in one cistern, sold ten tons to B., and received the price, and B. sold the same to C., and took his acceptance upon it, but no actual delivery was made of the ten tons, which continued mixed with the rest in A.’s cistern; it was held, that as between B. and C., the subvendee, the delivery was complete, and that trover would lie. .Jackson v. Anderson, 4 Taunt. 24, was decided the year after, and it was there held, that trover might be maintained for nineteen hundred and sixty-nine dollars in a keg containing forty-seven *420 hundred dollars. No separation was made of the parcel claimed by the plaintiff, but the defendant had sold and converted the whole keg; and on this ground Mansfield, C. J., placed the right of the plaintiff to recover. The next in order, is the case of Austin v. Craven, 4 Taunt., where trover was brought for fifty hogsheads ■of sugar, and it was decided that it would' not lie, because there was no specific quantity of loaves in esse, and so no identification ■of the part sold. The case of the oil is noticed with evident disapprobation. White v. Wilks, 5 Taunt. 176, presented the same state of facts as Whitehouse v. Frost. It was a sale of twenty tons of ■oil, out of a much larger quantity contained in cisterns, and it was held that trover would not lie. The determination in Austin v. Craven is ratified, and that in Whitehouse v. Frost is directly overruled. Shepley v. Davis, 5 Taunt. 616, was a sale of ten tons of hemp, part of a larger quantity. It was held, that until the part sold was weighed, the sale was incomplete. Busk v. Davis, 2 M. & S. 397, was a sale of ten out of eighteen tons of flax. It was held, that not being weighed and the part sold ascertained, that there was not a sufficient identification of this, to authorize ^trover to be brought. These are the leading cases in England, and it is easy to see that the weight of authority is against the action. The case of Pleasants v. Pendleton, 6 Rand. 473, is, however, a very strong case the other way. But it is impossible to hide from oneself, that the fact of the small difference between one hundred and twenty-three barrels, the whole quantity, ■ and one hundred and nineteen barrels, the number sold, may have gone a great way to influence the judgment. It was a hard case, and hard eases always make shipwreck of principles. It is impossible to answer the difficult inquiry. If a part only of the flour had been burnt, in that case, on whom would the loss have fallen? If A., being the owner of two thousand barrels of flour, sells one thousand to B., but without anything being done to ascertain the identity and individuality of the part sold, and one thousand barrels are consumed by fire, what is there to determine that that one thousand are the property of the vendee, and that he shall bear the loss? Until this question can be answered, we must adhere to the later English cases ; or rather we must adhere to principle, which, looking to every consequence which may arise from any given combination of circumstances, establishes a rule which shall be liable to as little fluctuation as possible. Motion overruled.