BORDER *v.* OHIO SAVINGS AND TRUST Co.

274

(No. 40670—Decided June 23, 1970.)*

Common Pleas Court of Tuscarawas County.

*Messrs. Johnson & Tripodi*, for plaintiff.
*Messrs. Smith, Renner, Hanhart, Miller & Kyler*, for defendant.

LAMNECK, J. In this action, the plaintiff, Bertha Border, seeks to recover damages from the defendant, The Ohio Savings and Trust Company, for its alleged failure as executor of the estate of Emma D. Wood, deceased, to administer said estate in two particulars as required by law.

It is alleged in the amended petition that the will of said Emma D. Wood, deceased, was admitted to probate in the Probate Court of Tuscarawas County; that the said defendant was the executor of said estate; and that said estate was administered in the Probate Court of Tuscarawas County.

It is further alleged in said amended petition that the will of said Emma D. Wood, deceased, contained the following provision:

"Item 11. I give devise and bequeath to my beloved Friend, Bertha V. Border, or should she predecease me to her son, Edward N. Border, or his issue per stirpes, all the property I may own or have an interest in at the time of my death, real, personal or mixed, in fee simple absolute."

The plaintiff further claims in her amended petition that the defendant did not collect all of the assets of said estate and that the defendant did not give notice to her, after the probate of the will, as required by R. C. 2107.19.

The amended petition further alleges that certain real estate of said estate was sold by the defendant of which she had no notice and by reason thereof she was deprived of the right to protect her inheritance.

To the amended petition, the defendant has filed a demurrer in two particulars:

*Case dismissed on February 26, 1971.

1. That the court has no jurisdiction over the subject matter contained in the amended petition.

2. That the amended petition does not state facts sufficient to constitute a cause of action against the defendant.

Whether said demurrer is well taken is the matter now before the court.

R. C. 2107.19 relating to notice of the probate of a will reads as follows:

"When a will has been admitted to probate, the executor shall promptly give notice by registered mail to the surviving spouse and to all legatees and devisees named in the will. Such notice shall mention the probate of the will and that the person notified is named in the will as a beneficiary. The fact that such notice has been given shall be evidenced by an affidavit of the executor filed in the probate court. The executor need not give such notice to persons who have been notified of the application for probate or of a contest as to jurisdiction or to persons whose names or places of residence are unknown and cannot with reasonable diligence be ascertained and the executor files in the court his affidavit to that effect. The notice provided in this section may be waived in writing filed in the court."

The amended petition alleges that said notice was not given.

R. C. 2101.24, Paragraph C, provides that the Probate Court has jurisdiction "to direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates."

R. C. 2101.24 further provides that where jurisdiction is conferred upon the Probate Court under this section, "such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law." This section also provides that "the Probate Court shall have plenary power at law and in equity to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.

R. C. 2109.35 provides that "the order of a Probate

Court upon the settlement of a fiduciary's account shall have the effect of a judgment" and may be vacated by the Probate Court for anyone of the reasons set forth in said section.

The subject matter of the amended petition relates to the conduct of the defendant as executor of said estate and in the settlement of its accounts. There is no claim that the order approving the account was obtained by fraud. This amounts to a collateral attack on defendant's accounts as executor and is an action at law. The court knows of no provision of law vesting jurisdiction of the subject matter of this action in the Common Pleas Court. Under the sections of the Revised Code cited herein, the jurisdiction of the subject matter of this action is exclusively vested in the Probate Court.

It was formerly held that the judgment of the Probate Court approving an account of a fiduciary could be set aside for fraud in a court of general jurisdiction. See *Crawford* v. *Zeigler*, 84 Ohio St. 224.

A motion to vacate the order of the Probate Court approving the settlement of a fiduciary's account for fraud can now be filed in the Probate Court under R. C. 2109.35, Paragraph A, which provides that the order of the Probate Court settling a fiduciary's account may be vacated for fraud upon the motion of any person affected thereby or on the court's own order "if such motion is filed or order is made within one year after discovery of the existence of the fraud."

In *Truss* v. *Clouse*, 23 Ohio Law Abs. 610, the court held that judgments approving accounts of the executors are not subject to collateral attack except for fraud.

For the foregoing reasons said demurrer is sustained. Exceptions noted.

*Demurrer sustained.*