THE STATE, EX REL. ADD VENTURE, INC., ET AL., *v.* GILLIE, JUDGE, ET AL.

[Cite as State, ex rel. Add Venture, v. Gillie (1980), 62 Ohio St. 2d 164.]

(No. 79-1335—Decided May 14, 1980.)

*Messrs. Jones, Campbell & Hadden* and *Mr. E. Bruce Hadden,* for relators Add Venture, Inc., Zoo Amusement Park, Inc., and Donald and Joyce Mains.

*Mr. John A. Yakelvich,* for relator Patrick J. Mollica.

*Messrs. Isaac, Graham & Nester* and *Mr. Sole M. Isaac,* for respondent E. C. Redman.

*Mr. George C. Smith,* prosecuting attorney, and *Mr. James R. Kirk,* for respondent judge.

*Per Curiam.* Relators assert that Civ. R. 52 gives them the right to demand, and the court the duty to state, separate

findings of fact and conclusions of law in issuing a preliminary injunction. Relators rely in part upon Fed. R. Civ. P. 52 and federal cases decided thereunder. Such reliance is misplaced.

Civ. R. 52 by its terms concerns "judgments." A preliminary injunction is not a judgment. Moreover, Fed. R. Civ. P. 52 contains the following language: "***[I]n granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action." Civ. R. 52 has no language parallel to the federal rule. Also, Civ. R. 52 further provides that "[f]indings of fact and conclusions of law required by this rule***are unnecessary upon all other motions***."

Relators also complain that the judge's preliminary injunction did not comply with Civ. R. 65(D), requiring that "[e]very order granting an injunction***shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained."

Any alleged shortcomings of the judge's order under Civ. R. 65(D) were corrected by the court's later "Decision on Defendant's Motion to Vacate the Decision on Preliminary Injunction and Upon the Order Setting Bond," which stated that, while the court believed that its original ruling was sufficient, it had no objection "***to providing an elaborated statement should it prove helpful to counsel***." This decision is comprehensive and thorough.

Further, this court has held that:

"An order of the court of common pleas overruling a motion to vacate a temporary injunction in a suit***is neither a judgment nor a final order [see R. C. 2505.02] which may be reviewed by the Court of Appeals on a petition in error." *Jones* v. *First National Bank* (1931), 123 Ohio St. 642. See, also, *Forest Hills Utility Co.* v. *Whitman* (1975), 41 Ohio St. 2d 25, 35; *State, ex rel. Northern Ohio Telephone Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6, 8.

Since the object of the writ of mandamus sought (*i.e.,* findings of fact and conclusions of law) is superfluous in that it cannot provide the basis for allegations of error on appeal, the writ certainly will not issue herein.

To the extent that the relators are claiming that the respondent judge issued the preliminary injunction on a spurious basis instead of determining the "fairness" of the contracts whose performance is being enjoined, issuance of an extraordinary writ by this court in this matter is clearly outside the scope of this court's jurisdiction and the purpose of such a writ.

The writ of mandamus is denied.

*Writ denied.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.