KALK, APPELLANT, v. VILLAGE OF WOODMERE ET AL., APPELLEES.

(No. 49670 — Decided November 18, 1985.)

David B. Gallup, for appellant.

Almeta A. Johnson, Clarence Chavers and Louis H. Orkin, for appellees.

PATTON, J. Plaintiff-appellant, Joseph Kalk, appeals from the decision of the Cuyahoga County Court of Common Pleas which denied his motion for summary judgment and granted summary judgment in favor of defendants-appellees, the village of Woodmere ("Woodmere") and various individuals associated with Woodmere's government.[1]

Appellant filed the instant lawsuit on December 9, 1982, alleging false imprisonment, assault and battery and violations of his federal constitutional rights under Section 1983, Title 42, U.S. Code stemming from a December 7, 1982 Woodmere Council meeting from which he was ejected. Appellant also alleged emotional anguish, defamation and a conspiracy against him. Appellant prayed for $250,000 in compensatory damages and $1,000,000 in punitive damages, plus costs and interest.

Although admitting that they ejected the appellant from the meeting, appellees denied any tortious conduct or violation of appellant's constitutional civil rights, and alleged several affirmative defenses in their answer of February 24, 1983. On June 21, 1983, appellees filed a motion for summary judgment. Their brief in support of summary judgment set forth the underlying facts of this case as follows:

"Sometime prior to December 7, 1982, the Mayor of the Village of Woodmere, Raynor Smith, preferred written charges against the Chief of Police of the Village of Woodmere, Thomas McClure, seeking the removal of Chief McClure from office for 'cause'.

[1] The named defendants are Louis Orkin, as Law Director for the village, and Shirley Rainey, Stanley Cleggett, Suzie Rice, Frederick Porter and Howard King as counsel members for the village of Woodmere.

On or about December 7, 1982, a special meeting of the Council of the Village of Woodmere was called pursuant to statute to consider the charges and evidence against Chief McClure. The Council sat as a reviewing quasi-judicial body to hear and decide the merits of the case.

"At such meeting Plaintiff Joseph Kalk, an attorney and non-resident of Woodmere, appeared, purportedly to represent and speak for Mayor Smith, and attempted to speak out to prosecute the Mayor's case against Chief McClure. In the furtherance of this prosecution Attorney Kalk addressed the Council which objected to this procedure. When Plaintiff Kalk refused to discontinue his repeated attempts to speak out against Chief McClure, after warnings to desist, the Council of the Village of Woodmere, after consultation with Solicitor Orkin, recognized that Plaintiff was disrupting the meeting and threatening Chief McClure's right to a fair and impartial hearing on the charges, and voted * * * to eject Plaintiff Kalk from the Council chamber. Following his removal, Plaintiff commenced this action."

Appellees argued that appellant was lawfully removed from the December 7 hearing, therefore, there could be no claim of false imprisonment; that Officer Tatum, who removed appellant from the meeting, used no more force than reasonably necessary so appellant's assault and battery charges fail; and that appellant had no federally protected right to disrupt the hearing and thus cannot complain that his civil rights were violated. Appellees also attacked appellant's emotional anguish and defamation claims and asserted the defense of immunity. Attached to appellees' brief in support of summary judgment were the minutes of the December 7 meeting signed by Mayor Smith, and a transcript of the December 7 proceedings.

On August 30, 1983, appellant filed a motion opposing appellees' motion for summary judgment. Appellant argued that nothing in the Revised Code or the village of Woodmere's ordinances prohibited the mayor from obtaining legal counsel, i.e., appellant, at his own expense to appear at the December 7, 1982 meeting. Appellant argued that council usurped the office of the mayor by taking over the meeting and wrongfully ousting appellant from the meeting. In support of his arguments, appellant attached an affidavit of Mayor Smith stating a history of disputes and grudges between himself and council and between appellant and appellee Orkin, and an order of the common pleas court dated January 18, 1983 (case No. 52528) ordering council to hold a rehearing of the December 7, 1982 meeting and to allow appellant Kalk to represent Mayor Smith. On September 2, 1983, appellant moved for summary judgment, incorporating the arguments of his August 30 motion in opposition.

On December 4, 1984, after several more motions were filed by each side and pretrials were held, the trial court granted appellees' motion for summary judgment. The trial court found that the essential facts precipitating the controversy were not in dispute, and that "for a variety of reasons," appellees were entitled to judgment as a matter of law. The trial court held, "[n]ot only is Officer Tatum, the principal actor, not a named party, but also, * * * the actions of the [appellees] * * * simply do not constitute the elements of either the tort of false imprisonment or assault and battery. * * * [Appellant's] claim for punitive damages is not well-founded, and alleged damages for defamation and/or violation of civil rights do not flow from any action allegedly committed by the governmental body or any of its officers."

From that decision, appellant appeals. He assigns the following errors:

"I. The trial court erred to the

prejudice of plaintiff in granting the motion for summary judgment filed by defendants.

"II. The trial court erred to the prejudice of plaintiff in failing to grant plaintiff's motion for summary judgment."

## I and II

As both of appellant's assigned errors relate to the cross-motions for summary judgment, we will address them together.

Civ. R. 56(C) governs summary judgment and provides in pertinent part as follows:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

## A

### Appellant's Tort Claims

Appellant sued the village solicitor and several members of council in both their official and individual capacities. All the evidence presented herein concerns the actions of council and its attorney at the council meeting of December 7, 1982. Appellant has presented no evidence to show that appellees were acting in their individual capacity at the meeting. In a motion for summary judgment, such lack of evidence can only be construed against plaintiff-appellant. As nothing was presented to show appellees acted in anything other than their official capacity, summary judgment in favor of appellees as individuals is affirmed.

Whether appellees are liable to appellant in their official capacity depends in the first instance on whether immunity attaches. The traditional rule of municipal immunity has been abrogated by the Ohio Supreme Court in *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, paragraph one of the syllabus:

"1. The judicially created doctrine of municipal immunity is, within certain limits, abolished, thereby rendering municipal corporations subject to suit for damages by individuals injured by the negligence or wrongful acts or omissions of their agents or employees whether such agents and employees are engaged in proprietary or governmental functions. (*Dayton* v. *Pease,* 4 Ohio St. 80, and its progeny overruled; *Haverlack* v. *Portage Homes, Inc.,* 2 Ohio St. 3d 26, followed and extended.)"

In abolishing municipal tort immunity, however, the Supreme Court carved out specific exceptions in paragraph two of the syllabus:

"2. * * * [N]o tort action will lie against a municipal corporation for those acts or omissions involving the exercise of a legislative or judicial function or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. * * *"

In maintaining a municipal corporation's immunity from liability for legislative and judicial acts, the Supreme Court explained:

"* * * This court does not contemplate that the essential acts of governmental decision-making be the

subject of judicial second-guessing or harassment by the actual or potential threat of litigation. The appropriate dividing line falls between those functions which rest on the exercise of judgment and discretion and represent planning and policy-making and those functions which involve the implementation and execution of such governmental policy or planning.

"This is indeed proper, for as the Supreme Judicial Court of Massachusetts stated in *Whitney* v. *Worcester* (1977), 373 Mass. 208, 218-219, 366 N.E.2d 1210:

"'When the particular conduct which caused the injury is one characterized by the high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning, governmental entities should remain immune from liability. "To inquire into such decisions in a tort suit might 'jeopardiz[e] the quality and efficiency of government itself,' and endanger the creative exercise of political discretion and judgment through 'the inhibiting influence of potential legal liability asserted with the advantage of hindsight.' " ' " *Id.* at 35.

The actions about which appellant complains in the instant case involve the December 7, 1982 special meeting of council to determine the merits of Mayor Smith's complaint against Chief McClure. This meeting was held pursuant to R.C. 733.36 which provides, "[c]harges filed with the legislative authority under section 733.35 of the Revised Code [mayor shall file charges against delinquent officers], shall be heard at the next regular meeting thereof. * * * The judgment or action of the legislative authority shall be final, but to remove such officer the votes of two-thirds of all members elected thereto shall be required." The parties agree that the village council functions as a quasi-judicial body in such a meeting. As such, no state tort action will lie against appellees in their official capacity for acts made in the exercise of this quasi-judicial function.

It is irrelevant whether appellee Orkin and the Woodmere Village Council were legally correct in believing that appellant had no right to speak out against Chief McClure at the December 7 hearing. The point is that council had the right to conduct an orderly hearing. This right extends to requesting that an individual leave a council meeting or hearing and to having him physically removed if necessary. The right to regulate its own meetings and hearing is an inherent part of the legislature's power to make decisions, pass laws and, in the instant case, to determine the merits of a complaint lodged against an official of the municipality[2]; otherwise, the legislature's powers would be hampered by any individual who chose to interject chaos into an orderly, productive assembly. An individual who believes the legislative body is legally incorrect in asking him to leave should seek redress through the courts[3] rather than persist in arguing with the legislature and interfering with orderly progress.

Appellant also argues that under the doctrine of *res judicata,* we must find that he had the right to be present at Chief McClure's hearing and to examine witnesses in the case. Appellant cites *Smith* v. *Rainey* (Feb. 4, 1983), Cuyahoga C.P. No. 052528, unreported, as dispositive of this issue. In that case, the common pleas court granted a temporary restraining order enjoining appellees from preventing appellant Kalk

---

[2] See R.C. 731.45 and 731.46.

[3] For example, the individual can seek

declaratory judgment as Mayor Smith did in January 1983.

from presenting and questioning witnesses. We do not feel bound by that order. The doctrines of *res judicata* and collateral estoppel apply only where a court has in a prior action decided a particular matter (1) between the same parties, and (2) carried its decision to judgment. An order granting a temporary or preliminary injunction is not a judgment. See *State, ex rel. Add Venture,* v. *Gillie* (1980), 62 Ohio St. 2d 164 [16 O.O.3d 198]. Thus, the trial court did not err in granting appellees' motion for summary judgment on appellant's state tort claim.

## B
### Appellant's Civil Rights Claim

Appellees are not protected from appellant's 1983 civil rights claim under the doctrine of municipal immunity. *Owen* v. *City of Independence* (1980), 445 U.S. 622. However, not every alleged violation of state law is actionable under Section 1983, Title 42, U.S Code. In order to sustain a cause of action under Section 1983, a plaintiff must demonstrate that some person, acting under color of state law, has deprived him of a federally protected constitutional right. *Id.* Merely because an act is performed by a public official, a state law tort claim is not thereby transmuted into a claim for deprivation of rights under the Fourteenth Amendment. *Havas* v. *Thornton* (C.A. 9, 1979), 609 F. 2d 372.

In the instant case, appellant alleged in his complaint that appellees, through their actions at the December 7, 1982 meeting, deprived him of his liberty. The evidence presented to the trial court via the parties' cross-motions for summary judgment clearly showed that appellant was in fact detained, touched and ushered out of the meeting. Our review of the record, however, shows that this ejectment did not rise to the level of constitutional violation of appellant's liberty. As stated above, the council had the right to have appellant removed from the meeting since he was creating a disturbance. There is no evidence that council or appellee Orkin used unreasonable means in having appellant removed. The evidence shows in fact that the appellant was detained for only a very short time and suffered no injury as a result of council's actions. The evidence fails to support appellant's civil rights claims and the trial court properly granted summary judgment in favor of appellees on that claim.

In conclusion, we hold that the trial court did not err in granting summary judgment in favor of appellees on all of appellant's claims. Accordingly, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

PARRINO, C.J., and JACKSON, J. concur.