THE STATE, EX REL. PEARSON, APPELLANT, *v.* MOORE, JUDGE, APPELLEE.

[Cite as State, ex rel. Pearson, *v.* Moore (1990), 48 Ohio St. 3d 37.]

(No. 89-359 — Submitted November 14, 1989 — Decided January 10, 1990.)

38

court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. *Middleburg Heights* v. *Brown* (1986), 24 Ohio St. 3d 66, 68, 24 OBR 215, 216-217, 493 N.E. 2d 547, 549; *State, ex rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86, 73 O.O. 2d 328, 338 N.E. 2d 522. We therefore agree with the court of appeals that prohibition will not lie.

Pearson argues that appeal is inadequate as a remedy because the municipal court may suspend his license pending trial. Such a suspension would not be a final appealable order. *Columbus* v. *Adams* (1984), 10 Ohio St. 3d 57, 60, 10 OBR 348, 350-351, 461 N.E. 2d 887, 890. However, Pearson's situation is analogous to that of a litigant against whom a preliminary injunction has been granted. Such an injunction is not a final order, either. See *State, ex rel. Add Venture, Inc.,* v. *Gillie* (1980), 62 Ohio St. 2d 164, 16 O.O. 3d 198, 404 N.E. 2d 151. Yet, in *Tilford* v. *Crush* (1988), 39 Ohio St. 3d 174, 529 N.E. 2d 1245, we denied prohibition in part because, "* * * while the preliminary injunction cannot now be appealed * * *, review may be had in the event that it becomes permanent." *Id.* at 177, 529 N.E. 2d at 1247. Similarly, if Pearson is convicted, appeal will lie from any sanction, including suspension, that the municipal court may impose.

The judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

*Don A. Little,* for appellant.

*Robert N. Farquhar,* for appellee.

*Per Curiam.* Absent a patent and unambiguous lack of jurisdiction, a