[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 25.]

THE STATE EX REL. LEWIS ET AL. *v.* MOSER, JUDGE.

[Cite as *State ex rel. Lewis v. Moser*, 1995-Ohio-148.]

*Mandamus to compel common pleas court judge to adjudicate claims against executor for conversion and other mishandling of estate—Writ denied, when.*

(No. 93-939—Submitted January 24, 1995—Decided April 2, 1995.)

IN MANDAMUS.

————————————

{¶ 1} Relators, Bonnie C. Lewis and her three children, are the beneficiaries under a will and trust executed by Lewis's mother, Jean M. Cullen, now deceased. In May 1992, relators sued the executor of Cullen's estate, Star Bank, N.A., Butler County ("Star Bank"), and the attorney for the estate, the law firm of Parrish, Beimford, Fryman, Smith & Marcum Co., L.P.A., before respondent, Judge John Moser, in the Butler County Court of Common Pleas. On defendants' motions, respondent dismissed one of relators' counts and transferred two of the remaining claims to the probate division of the common pleas court.

{¶ 2} The transferred claims were part of Counts II and IV of the common pleas complaint and sought compensatory and punitive damages against Star Bank for (1) the "conversion" of paintings worth over two million dollars (Lewis claims that the paintings should have passed to her under Cullen's will, but the executor sold them at auction for the benefit of the residuary estate), and (2) breach of fiduciary duty in misallocating a generation-skipping transfer tax exemption, which resulted in the Lewis children's paying $282,415 in additional taxes. Relators responded by moving the probate court for a ruling that it did not have jurisdiction over claims for punitive and compensatory damages. Judge Stephen Powell granted this motion on May 10, 1993.

**{¶ 3}** Judge Powell has also approved the final accounting and settled the Cullen estate, discharging Star Bank from its fiduciary duties. Relators have moved to vacate that final order, citing, among other things, the executor's failure to pass Cullen's paintings to Bonnie Lewis pursuant to a testamentary devise of household furnishings.

**{¶ 4}** Relators ask for a writ of mandamus to compel respondent to adjudicate their claims against Star Bank as alleged in Counts II and IV.

————————————

*John A. Lloyd, Jr., Jeanette H. Rost* and *John W. Hancock*, for relators.

*Taft, Stettinius, & Hollister, R. Joseph Parker* and *Michael R. Rickman,* for respondent.

————————————

*Per Curiam.*

**{¶ 5}** Relators argue that Judge Powell has no authority to adjudicate Counts II and IV of their complaint because the probate court's limited jurisdiction under R.C. 2101.24[1] does not include claims for compensatory and punitive damages. Respondent contends that (1) the probate court has exclusive jurisdiction over claims against an executor for conversion and other breaches of fiduciary duties in the administration of an estate, (2) relators had an adequate remedy in the ordinary course of law by way of appeal, and (3) laches bars issuance of the writ.

---

1. R.C. 2101.24 provides, in part:

"(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
"* * *
"(c) To direct and control and settle the accounts of executors and administrators and order the distribution of estates;
"* * *
"(j) To construe wills;
"* * *
"(l) To direct and control the conduct of fiduciaries and settle their accounts;
"* * *
"(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code."

**{¶ 6}** For a writ of mandamus to issue, relators must have a clear right to respondent's performance of a clear legal duty and no adequate remedy in the ordinary course of the law. *State ex. rel. Seikbert v. Wilkerson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129. Thus, the following issues are raised: (1) Does the common pleas court possess jurisdiction over claims against an executor for conversion and otherwise mishandling an estate, such that respondent has a duty to adjudicate relators' claim for compensatory and punitive damages? (2) Is appeal an available and adequate legal remedy that precludes a writ of mandamus? and (3) Does laches prevent relief? For the reasons that follow, we hold that appeal is an adequate legal remedy. Accordingly, we deny the writ of mandamus without disposing of the other arguments raised by the parties and leave the issue of probate court jurisdiction for resolution by the appellate process.

**{¶ 7}** Respondent argues that relators' remedy is appeal of the jurisdictional ruling transferring their claims against Star Bank to the probate court. He relies on cases establishing the general principles that (1) jurisdictional issues may be raised on appeal, and (2) extraordinary relief is not to be used as a substitute for appeal. See, *e.g., State ex rel. Smith v. Huron Cty. Probate Court* (1982), 70 Ohio St.2d 213, 24 O.O.3d 320, 436 N.E.2d 1005 (prohibition to prevent exercise of jurisdiction denied due to available appeal), and *State ex rel. Casey Outdoor Advertising, Inc. v. Ohio Dept. of Transp.* (1991), 61 Ohio St.3d 429, 575 N.E.2d 181 (mandamus relief denied due to available appeal).

**{¶ 8}** Relators respond that the transfer order is not final and appealable under R.C. 2505.02 because while it "affects a substantial right in an action," it did not "determine the action."[2] Relators also argue that appeal at the conclusion of the common pleas proceedings is inadequate because it will mean separate trials against

---

2. The parties do not argue whether the order is immediately appealable as having been made in a "special proceeding" pursuant to R.C. 2505.02. See *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213 (Orders affecting substantial rights and entered in actions specially created by statute are final and appealable under R.C. 2505.02 as "special proceedings.").

Star Bank and Parrish, Beimford, Fryman, Smith & Marcum. This, they complain, could impede their trial strategy and produce "conflicting decisions, the duplication of trials, and the waste of money and judicial resources."

{¶ 9} The appeal that will eventually be available to relators is not inadequate for the following reasons. *State ex rel. Willis v. Sheboy* (1983), 6 Ohio St.3d 167, 6 OBR 225, 451 N.E.2d 1200, paragraph one of the syllabus states:

"Where a constitutional process of appeal has been legislatively provided, the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process from constituting a plain and adequate remedy in the ordinary course of the law." Accord *State ex rel. Casey, supra*, 61 Ohio St.3d at 432, 575 N.E. 2d at 184.

{¶ 10} To avoid the issue of an adequate legal remedy, relators further rely on *State ex rel. Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 59 O.O.2d 387, 285 N.E.2d 22, a prohibition case holding that the writ may issue despite an available appeal where a court has no jurisdiction whatsoever to act. We consider appeal "immaterial" in prohibition actions and will stop an inferior tribunal from exercising unauthorized jurisdiction only if that tribunal patently and unambiguously lacks jurisdiction over the pending cause. *Goldstein v. Christiansen* (1994), 70 Ohio St.3d 232, 235, 638 N.E.2d 541, 543. We applied a variation of this rule in *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 553 N.E.2d 650, in which a writ of mandamus was issued to compel the vacation of a court order, notwithstanding an available appeal, because the lower court had no jurisdiction to act.

{¶ 11} However, we are not convinced that the probate court so patently and unambiguously lacks jurisdiction over claims for breaches of fiduciary duties seeking monetary damages that we are willing to issue a writ of mandamus and circumvent the appellate process.

**{¶ 12}** The parties cite competent authority on both sides of this issue. Relators rely on *Kindt v. Cleveland Trust Co.* (1971), 26 Ohio Misc. 1, 55 O.O.2d 53, 266 N.E.2d 84, and *Alexander v. Compton* (1978), 57 Ohio App.2d 89, 11 O.O.3d 81, 385 N.E.2d 638, which hold that probate courts have no jurisdiction under R.C. 2101.24 to award money damages. We have also relied on these cases. See *Corron v. Corron* (1988), 40 Ohio St.3d 75, 531 N.E.2d 708; *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 22 OBR 27, 488 N.E.2d 210; and *Dumas v. Estate of Dumas* (1994), 68 Ohio St.3d 405, 627 N.E.2d 978.

**{¶ 13}** By contrast, respondent relies on *Starr v. Rupp* (C.A. 6, 1970), 421 F.2d 999, 25 Ohio Misc. 224, 53 O.O.2d 169, and *Bedo v. McGuire* (C.A. 6, 1985), 767 F.2d 305, which recognize the exclusive jurisdiction of Ohio probate courts under R.C. 2101.24 to determine claims that an executor mishandled the assets of an estate. Respondent also relies on *Border v. Ohio Savings & Trust Co.* (1970), 26 Ohio Misc. 273, 55 O.O.2d 410, 267 N.E.2d 120, and *Chewning v. Rickman* (July 14, 1989), Lucas App. No. L-88-416, unreported, which consider common pleas court claims against an executor for improperly administering an estate an impermissible collateral attack on the probate court's final order settling the fiduciary's account. Accord *Truss v. Clouse* (App. 1937), 23 Ohio Law Abs. 610.

**{¶ 14}** The parties do not attempt to reconcile these cases, and we are aware of only one case that directly addresses and explains the rule that applies when both a breach of fiduciary duty and a request for monetary damages are claimed in the same cause of action. In *Goff v. Ameritrust Co., N.A.* (May 5, 1994), Cuyahoga App. Nos. 65196 and 66016, unreported, 1994 WL 17355, the court of appeals affirmed a common pleas court's dismissal of a complaint for money damages against an executor for breach of fiduciary duties. The beneficiary of the will in *Goff* made the same arguments as relators do here regarding probate court jurisdiction, but the court of appeals rejected them. In essence, the *Goff* court held that (1) the probate court's plenary jurisdiction at law and in equity under R.C.

2101.24(C) authorizes any relief required to fully adjudicate the subject matter within the probate court's exclusive jurisdiction, and (2) claims for breach of fiduciary duty, which inexorably implicate control over the conduct of fiduciaries, are within that subject-matter jurisdiction by virtue of R.C. 2101.24(A)(1)(c) and (l).

{¶ 15} The thoughtful discussion in *Goff* suggests a basis for reevaluating the holdings in *Kindt, supra*, and *Alexander, supra*, that probate courts cannot award monetary damages. We conclude, therefore, that relators have failed to establish the manifest lack of jurisdiction for which we will resolve this appealable issue and grant extraordinary relief. Accordingly, the writ of mandamus is denied.

*Writ denied.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY and COOK, JJ., concur.

RESNICK, J., concurs in judgment only.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 16} A writ of mandamus should be available to relators who have a prima-facie case for a recognized tort but who -- due to a jurisdictional ping-pong match between two divisions of the court of common pleas—have no court to hear their case.

{¶ 17} "Although mandamus normally will not issue to control a court's discretion, * * * *it will issue to require a court to exercise its jurisdiction* or discharge its mandatory functions.* * *" (Citations omitted amd emphasis added.) *Dapice v. Stickrath* (1988), 40 Ohio St.3d 298, 300, 533 N.E.2d 339, 341.

{¶ 18} The courts of common pleas are constitutionally obligated to exercise their jurisdiction over the tort of conversion. Section 4 (B), Article IV of the Ohio Constitution provides:

"The courts of common pleas and divisions thereof shall have such original jurisdiction over *all justiciable matters* * * * as may be provided by law." (Emphasis added.)

**{¶ 19}** The common-law tort of conversion has long been recognized as a cause of action in Ohio. See *Woods v. McGee* (1836), 7 Ohio 127. If the facts as alleged by relators prove to be true, there is little question that relators have a justiciable claim against the defendant bank. Thus, one division of the common pleas court—whether it be the general division or the probate division—is obligated to hear relators' case.

**{¶ 20}** The cause of action of conversion is constitutionally guaranteed by other provisions of the Ohio Constitution. Section 16 Article I—which is also known as the "open courts" section—provides:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

**{¶ 21}** "It is the primary duty of courts to sustain this declaration of right and remedy, wherever the same has been wrongfully invaded." *Kintz v. Harriger* (1919), 99 Ohio St. 240, 124 N.E. 168, paragraph two of syllabus. The "open courts" section of the Constitution requires that a plaintiff with a cause of action for conversion be able to bring that action in a court. See *Baltimore & Ohio RR. Co. v. Armstrong, Lee & Co.* (1919), 99 Ohio St. 163, 124 N.E. 186.

**{¶ 22}** Requiring appellate review of a cause of action before it can proceed in a court of original jurisdiction is precisely the type of delay that Section 16, Article I prohibits. When the open courts section "speaks of remedy and injury to person, property, or reputation, it requires an opportunity granted at a meaningful time and in a meaningful manner." *Hardy v. VerMuelen* (1987), 32 Ohio St.3d 45, 47, 512 N.E.2d 626, 628. Relators have been denied the opportunity to bring their conversion action in a meaningful time and a meaningful manner. Contrary to the

assertions of the majority, this delayed process will not provide relators with an adequate remedy. Relators must first wait until their causes of action against the defendant law firm are resolved before they will be able to seek a determination by the court of appeals as to which division of the court of common pleas has jurisdiction to hear their claims against the defendant bank. Considering the crowded dockets of today's courts, relators' case will be delayed for several years before relators can proceed in a court possessing original jurisdiction to hear their claims.

{¶ 23} I, accordingly, dissent from the majority's opinion and would grant relators' motion requesting oral argument so that we can review this jurisdictional controversy. If we agree with relators that the general division of the court of common pleas has jurisdiction over their claims, then we should use our mandamus power to ensure that relators are provided with meaningful access to a courtroom.

_____