Continental Mortgage Services, Inc. and Michael Jaye, relators, are seeking a writ of prohibition against respondent, Judge Judith Kilbane Koch. Relators contend respondent is without jurisdiction to entertain a Motion to Enforce a Settlement Agreement filed in C.P. Case No. 330978 entitledEquity Plus, Inc. v. Doolittle, et al. Respondent filed a Motion to Dismiss the Petition with attachments which we converted to a Motion for Summary Judgment. Respondent filed a second Motion to Dismiss or, in the alternative, Motion for Summary Judgment. For the reasons below, we grant respondent's motion for summary judgment.
The following relevant facts are derived from respondent's motion, relators' brief in opposition, and all attachments. In February, 1997, Equity Plus, Inc. commenced an action in Common Pleas Court against Continental Mortgage Services, Inc. and others. The case was assigned to respondent. On March 18, 1997, Continental Mortgage Services, Inc. by and through its president, Michael Jaye, and Michael Jaye, individually, entered into an Agreement and Release with Equity Plus to settle the lawsuit.[1] Also on March 18, 1997, respondent filed and the parties approved the following "Stipulated Judgment Entry":
 Pursuant to the settlement and agreement of the Plaintiff, Equity Plus, Inc., and Defendants, Adam Donald Doolittle and Continental Mortgage Services, Inc., all claims against these Defendants only are hereby settled and dismissed, with prejudice, at Defendants' costs. Plaintiff's claims against Defendant, Eric Dane Almonte, are not affected by this entry.
IT IS SO ORDERED.
On November 12, 1997, Equity Plus voluntarily dismissed the remaining defendant.
On February 27, 1998, Equity Plus filed a Motion to Enforce Settlement Agreement and requested an oral hearing. Respondent set the motion for hearing in August, and on September 23, 1998, respondent concluded, inter alia, that Equity Plus was entitled to enforcement of the Agreement and Release and that Continental Mortgage Services, Inc. violated and breached the Agreement and Release. The court scheduled a hearing on attorney's fees for October 20, 1998. On September 24, 1998, relators commenced this prohibition action.
A writ of prohibition will not be issued unless a lower court unambiguously lacks jurisdiction to proceed. State ex rel.Pearson v. Moore (1990), 48 Ohio St.3d 37, 548 N.E.2d 945. Otherwise, a court having general jurisdiction of a subject matter has the authority to determine its own jurisdiction and an adequate remedy at law via appeal exists to challenge any adverse decision. Pearson, 48 Ohio St.3d at 38. A trial court, as a general rule, has the authority to enforce a settlement agreement which is voluntarily entered into by the parties to a lawsuit. Continental W. Condominium Unit Owners Ass'n. v.Howard E. Ferguson, Inc. (1996), 74 Ohio St.3d 501,660 N.E.2d 431; Spercel v. Sterling Industries (1972), 31 Ohio St.2d 36,285 N.E.2d 324; State ex rel. Goforth v. Villanueva (June 2, 1998), Cuyahoga App. No. 74083, unreported. The trial court loses this authority, however, if the court unconditionally dismisses the case before it. Hill v. Briggs (1996), 111 Ohio App.3d 405,676 N.E.2d 547. When a judge unconditionally dismisses an action, the judge is without jurisdiction whatsoever to proceed and a writ of prohibition will issue to prevent further action in the case.[2] State ex rel. Rice v.McGrath (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100.
The determination of whether a dismissal is unconditional, thus depriving a court of jurisdiction to entertain a motion to enforce a settlement agreement, is dependent upon the terms of the dismissal order. Showcase Homes, Inc. v. The RavennaSavings Bank (Feb. 19, 1998), Marion App. No. 9-96-71, unreported. In Berger v. Riddle (Aug. 18, 1994), Cuyahoga App. Nos. 66195, 66200, unreported, this court stated that "[w]hen an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur." Berger, at 5. In the case subjudice, the Stipulated Judgment Entry provided, in relevant part, as follows: "Pursuant to the settlement and agreement * * * all claims against these Defendants only are hereby settled and dismissed, with prejudice, at Defendants' costs." In light of these terms, the dismissal of this action was not unconditional, but was conditioned upon the settlement and agreement entered into among Equity Plus, Continental Mortgage and Michael Jaye. Absent the unconditional dismissal, respondent retained jurisdiction to entertain any motion to enforce the settlement agreement. An adequate remedy via appeal exists to challenge adversities upon the receipt of a final order from the hearing on the motion to enforce. A writ of prohibition will not issue under these circumstances. Accordingly, the motion for summary judgment of respondent is granted.
Judgment for respondent. Costs to relators.
JAMES M. PORTER, P.J., DIANE KARPINSKI, J., CONCUR.
 _______________________________ JUDGE JOHN T. PATTON
[1] On April 14, 1997, the same parties executed a Modification of Agreement and Release, which modified in part the original agreement and left intact all remaining terms and conditions of the original Agreement and Release.
[2] A party is not left without recourse in such a case. A separate breach of contract action may be filed in lieu of the motion to enforce the settlement agreement. Raybutt v. Tice
(Dec. 5, 1995), Franklin App. Nos. 95APE06-829, 95APE08-1106, unreported.