ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On December 28, 2004, Denver Barry, through counsel, filed a complaint for a writ of prohibition against Judge Peter B. Sikora of the Cuyahoga County Juvenile Court. In his petition, Barry asks this court to prohibit Judge Sikora from exercising any jurisdiction in the matter ofDenver Barry v. Nancy Wolfe, et al., Cuyahoga County Juvenile Court Case No. 00-702171. On January 28, 2005, Judge Sikora, through the Cuyahoga County Prosecutor's Office, filed an unopposed motion for summary judgment. For the following reasons, we grant respondent's motion for summary judgment.
 {¶ 2} Initially, we note that the petition is fatally defective. Barry failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilsonv. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State ex rel.Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 3} Notwithstanding the above, the principles governing prohibition are well established. In order to be entitled to a writ of prohibition, Barry must establish that the respondent is about to exercise judicial or quasi-judicial power; that the exercise of such power is unauthorized by law; and that the denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists.State ex rel. White v. Junkin, 80 Ohio St.3d 335, 1997-Ohio-340,686 N.E.2d 267; State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. Furthermore, a writ of prohibition shall be used with great caution and shall not issue in doubtful cases. State ex rel. Merionv. Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273,28 N.E.2d 641.
 {¶ 4} With regard to the second and third elements of a prohibition action, the Ohio Supreme Court has stated that if a trial court has general subject-matter jurisdiction over a cause of action, the court has the authority to determine its own jurisdiction and an adequate remedy at law via appeal exists to challenge any adverse decision. State ex rel.Enyart v. O'Neill, 71 Ohio St.3d 655, 1995-Ohio-145, 646 N.E.2d 1110;State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37, 548 N.E.2d 945.
 {¶ 5} However, the Supreme Court has also recognized an exception to this general rule. "Where an inferior court patently and unambiguously lacks jurisdiction over the cause * * * prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." State ex rel.Fogle v. Steiner, 74 Ohio St.3d 158, 1995-Ohio-278, 656 N.E.2d 1288, citing State ex rel. Lewis v. Moser, 72 Ohio St.3d 25, 28, 1995-Ohio-148,647 N.E.2d 155. Thus, if the lower court's lack of jurisdiction is patent and unambiguous, the availability of an adequate remedy at law is immaterial. State ex rel. Rogers v. McGee Brown, 80 Ohio St.3d 408,1997-Ohio-334, 686 N.E.2d 1126.
 {¶ 6} The filings indicate that Barry is the plaintiff in the above mentioned paternity action that was filed in the Cuyahoga County Juvenile Court. According to Barry, the matter was initially assigned to Judge Sikora and then subsequently assigned to Judge Galvin, a visiting Judge. Barry claims that Nancy Rolfe, the defendant in the underlying case, filed, on or about December 12, 2004, a motion for holiday visitation and a motion for contempt. Barry states that Judge Galvin declined to hear the motion and set the full hearing in February and/or April, 2005. The filings further indicate that Judge Galvin, on or about December 3, 2004, issued a limited visitation order, which was appealed by Barry in Case No. 85667. That appeal was subsequently dismissed as not being a final, appealable order. Barry's request for a stay pending appeal on Judge Galvin's visitation order was also denied by Judge Galvin.
 {¶ 7} On or about December 20, 2005, Barry's counsel received correspondence from Ms. Rolfe's counsel that Judge Sikora scheduled a hearing on the filed motions for December 21, 2004. According to Barry, his counsel wrote a letter to Judge Sikora objecting to the anticipated proceedings. The letter claimed that Judge Galvin is the assigned judge; that the court may be without jurisdiction because of the pending appeal; and that Barry was not personally served with the motion for contempt. Nevertheless, Judge Sikora proceeded with the hearing. According to the judgment entry, there was no objection to the hearing made by either counsel and the parties reached an agreement to comply with the court's previous order of December 3, 2004.
 {¶ 8} After reviewing Barry's petition and Judge Sikora's motion for summary judgment, we find that Barry failed to present any authority that supports his argument that the lower court was patently and unambiguously without jurisdiction to proceed with the hearing. Furthermore, Barry has an adequate remedy at law. A claim of improper judge assignment can be raised on appeal. See State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28, 451 N.E.2d 225.
 {¶ 9} Accordingly, we grant the respondent's motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ dismissed.
Diane Karpinski, P.J., concurs.
 Gallagher, J., concurs.