{¶ 1} On May 7, 2006, relator Sammy Shaffer filed a verified complaint for writ of prohibition. In his complaint, Shaffer asks this court to prevent Judge Russo from proceeding with the trial in the underlying matter of State v. Shaffer, Cuyahoga County Court of Common Pleas, Case No. CR-469065, currently scheduled for May 9, 2007. For the following reason, we sua sponte deny the complaint.
 {¶ 2} According to the complaint, Shaffer was indicted for various offenses that allegedly occurred when he was a juvenile. Shaffer argues that Judge Russo does not have jurisdiction to proceed since he was under fifteen years old at the time of these offenses. Therefore, the Juvenile Court, and not the Court of Common Pleas, has jurisdiction to proceed.
 {¶ 3} In order to be entitled to a writ of prohibition, Shaffer must establish that the respondent will or is about to exercise judicial or quasi-judicial power; that the exercise of such power is unauthorized by law; and that the denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists.State ex rel. White v. Junkin, 80 Ohio St.3d 335, 1997-Ohio-0202,686 N.E.2d 267; State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. Furthermore, a writ of prohibition shall be used with great caution and shall not issue in doubtful cases. State ex rel.Merion v. Tuscarawas Cty. Court of Common Pleas (1940),137 Ohio St. 273, 28 N.E.2d 641. *Page 4 
 {¶ 4} With regard to the second and third elements of a prohibition action, the Ohio Supreme Court has stated that if a trial court has general subject-matter jurisdiction over a cause of action, the court has the authority to determine its own jurisdiction and an adequate remedy at law via appeal exists to challenge any adverse decision.State ex rel. Enyart v. O'Neill, 71 Ohio St.3d 655, 1994-Ohio-0594, 646 N.E.2d 1110; State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37,548 N.E.2d 945.
 {¶ 5} However, the Supreme Court has also recognized an exception to this general rule. "Where an inferior court patently and unambiguously lacks jurisdiction over the cause * * * prohibition will lie to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions." State ex rel.Fogle v. Steiner, 74 Ohio St.3d 158, 1995-Ohio-278, 656 N.E.2d 1288, citing State ex rel. Lewis v. Moser, 72 Ohio St.3d 25, 28,1995-Ohio-148, 647 N.E.2d 155. Thus, if the lower court's lack of jurisdiction is patent and unambiguous, the availability of an adequate remedy at law is immaterial. State ex rel. Rogers v. McGee Brown,80 Ohio St.3d 408, 1997-Ohio-334, 686 N.E.2d 1126.
 {¶ 6} In this matter, we find that Shaffer failed to demonstrate that Judge Russo is patently and unambiguously without jurisdiction to proceed with the lower court trial. See R.C. 2151.23(I); State v.Walls, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829. Consequently, Judge Russo has the authority to determine her *Page 5 
own jurisdiction, and Shaffer can raise the ex post facto and speedy trial issues by way of appeal.
 {¶ 7} Accordingly, due to the existence of an adequate remedy at law, this court is precluded from issuing the writ. Relator to pay costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ. R. 58(B).
Complaint denied.
CHRISTINE T. McMONAGLE, J.
MARY EILEEN KILBANE, P.J., and MELODY J. STEWART, J., CONCUR