JOURNAL ENTRY AND OPINION
{¶ 1} Santos Vazquez, the relator, has filed a complaint for a writ of prohibition. Vasquez argues that the Cuyahoga County Court of Common Pleas and Judge Nancy McDonnell, the respondents and herein after referred to as "the trial court," are devoid of jurisdiction to proceed to trial in the underlying worker's compensation appeal as filed inVazquez v. Avalon Precision Casting Co., et al., Cuyahoga County Court of Common Pleas Case No. CV-06-608742. For the following reasons, we sua sponte dismiss Vazquez's complaint.
 {¶ 2} On December 1, 2006, Avalon Precision Casting Co. ("Avalon") filed an appeal, in the Cuyahoga County Court of Common Pleas pursuant to R.C. 4123.512(A), from a decision of the Industrial Commission of Ohio, which allowed Vazquez to receive compensation for injuries sustained as a result of his *Page 3 
employment. On December 8, 2006, Vazquez filed a complaint, which contained "a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action." See R.C. 4123.512(D). On October 3, 2007, Vazquez filed a notice of "voluntary dismissal without prejudice" of the complaint. Avalon, however, refused to sanction Vazquez's voluntary dismissal on the basis that R.C. 4123.512(D), as amended by Am. Sub. S.B. No. 7, no longer allowed for the unilateral dismissal of the complaint and specifically provided that "the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court." On October 12, 2007, Vazquez filed a brief in support of his notice of voluntary dismissal and argued that the amendment of R.C. 4123.51(D), which eliminated the ability of an injured employee to unilaterally dismiss an employer's appeal, could only be applied prospectively to injuries suffered after the amendment of R.C. 4123.51(D). Vazquez further argued that since his injuries occurred prior to the amendment of R.C. 4123.51(D), he was permitted to voluntarily dismiss the complaint filed pursuant to Avalon's notice of appeal. On December 7, 2007, Vazquez filed his complaint for a writ of prohibition, in an effort to prevent the trial court from proceeding to trial with regard to the worker's compensation appeal as filed by Avalon.
 {¶ 3} Herein, Vazquez argues that this court is required to issue a writ of prohibition since the "* * * Respondents had no jurisdiction over Cuyahoga County *Page 4 
Case No. CV-06-608742 after Relator filed his notice of dismissal pursuant to Civ.R. 41(A)(1)(a) and a writ of prohibition must issue prohibiting Respondents from continuing to exercise jurisdiction * * *." Specifically, Vazquez argues that the amendment of R.C. 4123.511(D), which currently prevents an employee from unilaterally dismissing a worker's compensation appeal, as brought in a court of common pleas by an employer, cannot be retroactively applied to any claim for injury that occurred prior to the effective date of the amendment. Vazquez argues that the amendment to R.C. 4123.512 can only be applied prospectively to a person that has suffered injury after the effective date of the amendment. It is readily apparent that Vazquez, in addition to his request for a writ of prohibition, seeks a writ of mandamus in order to compel the trial court to dismiss the underlying worker's compensation appeal. In paragraph 14 of his complaint, Vazquez alleges that "[r]elator has a clear legal right to voluntarily dismiss his Complaint in case number CV-06-608742, pursuant to Ohio Civ.R. 41(A)(1)(a), and Respondents have a clear legal duty to honor said dismissal; however Respondents refuse to do so and are forcing Relator to proceed to trial." We shall thus proceed on the basis that Vazquez seeks a writ of mandamus and a writ of prohibition. Cf. Royal Indemn.Co. V. J.C. Penney Co. (1986), 27 Ohio St.3d 31, 501 N.E.2d 617. See, also, Vance V. Davis, Agt. (1923), 107 Ohio St. 577, 140 N.E. 588.
 {¶ 4} In order for this court to issue a writ of mandamus, Vazquez must demonstrate that: (1) Vazquez possesses a clear legal right to the relief requested; *Page 5 
(2) the trial court possesses a clear legal duty to perform the requested act; and (3) there exists no plain and adequate remedy in the ordinary course of the law. State ex rel. Ney v. Niehaus (1987),33 Ohio St.3d 118, 515 N.E.2d 914; State ex rel. Middleton Bd. of Edn. v. ButlerCty. Budget Comm. (1987), 31 Ohio St.3d 251, 510 N.E.2d 383; State exrel. Westchester v. Bacon (1980), 61 Ohio St.2d 42, 399 N.E.2d 81. It must also be noted that mandamus is an extraordinary remedy, "to be issued with great caution and discretion and only when the way is clear." State ex rel. Kriss v. Richards (1921), 102 Ohio St. 455,132 N.E. 23. Mandamus is not a substitute for an appeal and will not issue in doubtful cases. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Taylor v. Glasser (1977),50 Ohio St.2d 165, 364 N.E.2d 1.
 {¶ 5} Initially, we find that Vazquez has failed to establish that he possesses a clear legal right to dismiss his complaint in the underlying action or that the trial court possesses a clear legal duty which requires dismissal of the complaint vis-a-vis the notice of voluntary dismissal. R.C. 4123.511(D) clearly provides that Vazquez does not possesses the right to unilaterally dismiss his complaint as filed in the worker's compensation appeal. In addition, Vazquez possesses an adequate remedy in the ordinary course of law thru a direct appeal of the trial court's refusal to dismiss the underlying action. State exrel. Iran v. McGrath, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108. The Supreme Court of Ohio has established that any potential delay and expense of an appeal to the court of appeals does not render the remedy *Page 6 
inadequate. State ex rel Casey Outdoor Advertising v. Ohio Dept. Of Transportation (1991), 61 Ohio St.3d 429, 575 N.E.2d 181.
 {¶ 6} Of greater importance however, is the fact that Vazquez actually seeks a declaratory judgment with regard to the prospective and/or retroactive application of the amendment to R.C. 4123.511(D). The Supreme Court of Ohio has consistently held that "if the allegations of a complaint for a writ of mandamus indicate that the real objects sought are a declaratory judgment and a prohibitory injunction, the complaint does not state a cause of action in mandamus and must be dismissed for lack of jurisdiction." (Emphasis added.) State ex rel. Grendell v.Davidson, 86 Ohio St.3d 629, 634, 1999-Ohio-130, 716 N.E.2d 704; See, also, State ex rel. Obojski v. Perciak, 113 Ohio St.3d 486,2007-Ohio-2453, 866 N.E.2d. 1070. Herein, it is abundantly clear that the primary relief sought by Vazquez is: (1) a judgment declaring that R.C. 4123.512, as amended by Am. Sub. S.B. No. 7 cannot be retroactively applied to any claim for injury that occurred prior to the effective date of the amendment and that the amendment to R.C. 4123.512 can only be applied prospectively to a person that has suffered injury after the effective date of the amendment; and (2) a prohibitory injunction which prevents the trial court from proceeding to trial. Since Vazquez seeks relief in the nature of a declaratory judgement and a prohibitory injunction, we lack jurisdiction over Vazquez's complaint fo a writ of mandamus. State ex rel. Evans v. Blackwell, 111 Ohio St.3d 1,2006-Ohio-4334, 854 N.E.2d 1025. *Page 7 
 {¶ 7} Finally, we find that Vazquez has failed to state a claim for a writ of prohibition. In order for this court to issue a writ of prohibition, Vazquez must establish that: (1) the trial court is about to exercise judicial power; (2) the trial court's exercise of judicial power is not authorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. State ex rel. White v. Junkin, 80 Ohio St.3d 335,1997-Ohio-340, 686 N.E.2d 267; State ex rel. Largent v. Fisher (1989),43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, a writ of prohibition may only be used with great caution and shall not be issued in doubtful cases. State ex rel. Merion v. Court of Common Pleas of TuscarawasCty. (1940), 137 Ohio St. 273, 28 N.E.2d 641. The Supreme Court of Ohio has held that if a trial court possesses general subject matter jurisdiction of a cause of action, the court has the authority to determine its own jurisdiction and an adequate remedy at law, thru a direct appeal, exists to challenge any adverse decision. State ex rel.Enyart v. O'Neill, 71 Ohio St.3d 655, 1995-Ohio-145, 646 N.E.2d 1110;State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37, 548 N.E.2d 945. Finally, before this court will issue a writ of prohibition, Vazquez is required to demonstrate that the trial court patently andunambiguously lacks jurisdiction over the cause. (Emphasis added.)State ex rel. Rogers v. Brown, 80 Ohio St.3d 408, 1997-Ohio-334,686 N.E.2d 1126; State ex rel. Fogle v. Steiner, 74 Ohio St.3d 158,1995-Ohio-278, 656 N.E.2d 1288. *Page 8 
 {¶ 8} Herein, we find that Vazquez has failed to demonstrate that the trial court is patently and unambiguously without jurisdiction to proceed to trial in the underlying worker's compensation appeal. See R.C. 4123.512; State v. Walls, 96 Ohio St.3d 437, 2002-Ohio-5059,775 N.E.2d 829. Consequently, we find that the trial court possesses the judicial authority to determine its own jurisdiction and Vazquez can raise the issue of the lack of jurisdiction to proceed to trial by way of an appeal. State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37,548 N.E.2d 945.
 {¶ 9} Accordingly, we sua sponte dismiss Vazquez's complaint. Costs to Vazquez. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaint dismissed.
JAMES J. SWEENEY, PRESIDING JUDGE
 ANN DYKE, J., and MARY J. BOYLE, J., CONCUR *Page 1