**RICH, In Re**

Ohio Probate Court, Franklin Co

No 45883.  Decided May 31, 1935

Ernest A. Grabiel, Columbus, for Thelma Rich Rogers.

John Nau, Columbus, and V. O. Robertson, Columbus, for trustee.

## OPINION

By McCLELLAND, J.

This matter comes on to be heard upon the application of Thelma Rich Rogers, the sole beneficiary under the trust created by the will of her father Joseph B. Rich, to terminate the trust for the reasons set forth in the application filed herein. Briefs have been filed by counsel for the applicant and also by counsel for the trustee David W. Rich.

David W. Rich the trustee raises directly the question of the jurisdiction of this court to terminate the trust in question. It is proper that this question be disposed of before going into the reasons given for the termination of the trust. The jurisdiction of the Probate Court is one of special limited and delegated jurisdiction. This jurisdiction is created by statute as provided for in §10501-53 GC. If the court has jurisdiction, it is found either in sub-paragraph No. 4 or sub-paragraph No. 13 of that section.

Sub-paragraph No. 4 provides as follows:

'To appoint and remove guardians and testamentary trustees, direct and control their conduct, and settle their accounts."

Sub-paragraph No. 13 provides as follows: "To direct and control the conduct of fiduciaries and settle their accounts."

The final paragraph of the section in which the jurisdiction is in the Probate Court reads as follows:

"The Probate Court shall have plenary power at law and in equity fully to dispose

of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

There is no implied power given to the Probate Court.

Upon examination of sub-section No. 4, we find that it is limited to the appointment and removal of guardians and testamentary trustees to direct and control their conduct. That authority given under sub-section No. 13 is to direct and control the conduct of fiduciaries generally.

In regard to the last paragraph referred to, in which the Probate Court is given plenary power, it is our opinion that this refers and is restricted to the specific jurisdiction given in the paragraphs immediately preceding it. In other words, the Probate Court has plenary power in law and in equity in matters over which it has specific jurisdiction as set forth in the statute, and conversely if the authority is not specifically given the Probate Court has no such authority. Prior to the enactment of the new probate code, it was necessary for a trustee wishing direction of the court to go into a court of general equity jurisdiction. The new probate code however, has conferred that jurisdiction upon the Probate Court, which jurisdiction probably is concurrent with that of the Common Pleas Court. We fail however, to find any specific authority in the above mentioned statute to terminate a testamentary trust, and had the Legislature so intended it would have so worded the statute that specific authority would have been given.

Counsel for both parties have presented briefs, and most of the citations given were cases decided before the enactment of the new probate code. We have been unable to find any case arising since the adoption of the new probate code which is determinative of the question now before us. It is our opinion however, that the authority which the application wishes this court to assume is not found in the statute. Under the old law we have ample decisions that hold that the Probate Court did not have power to terminate a testamentary trust. The new probate code confers additional jurisdiction in regard to trusts under which the Probate Court may control and direct the conduct of a testamentary trustee and settle his accounts, but we are at a loss to find any authority by which we may assume jurisdiction to terminate a testamentary trust. We therefore find that this court has no jurisdiction in the premises and the petition is therefore dismissed.