## MOREHEAD v CENTRAL TRUST CO et

Ohio Appeals, 1st Dist, Hamilton Co

No 4973. Decided Nov 12, 1935

George W. Hawke, Cincinnati, for plaintiff in error.

William J. Reilly, Cincinnati, for defendant in error, The Central Trust Co.

## OPINION

**By MATTHEWS, J.**

We find that the court on sustaining the demurrer to the cross-petition did not limit its action to adjudging the costs on the demurrer against Charlotte Morehead, but went further and dismissed the cross-petition at her costs. As we construe this it means that the court ruled either that whatever cause of action was alleged in the cross-petition was beyond the jurisdiction of the court, or that no cause of action was alleged, or that the cross-petition was defective in both respects, and that, therefore,. Charlotte Morehead was entitled to no relief in this action. No matter what was the basis of the court's action, it ef-

fectually determined the action on the cross-petition and prevented a judgment thereon. That is a final order under §12258, GC. The motion to dismiss this proceeding in error is therefore overruled.

Now, does the cross-petition state a cause of action within the jurisdiction of the Common Pleas Court?

It is urged that the petition is defective and that the demurrer to the cross-petition searches the record and discloses that defect. Assuming that in a proper case a demurrer does search the record, that could not have the effect of strengthening insufficient allegations of a cross-petition. Even though a search of the record should disclose that The Central Trust Company was not entitled to the judgment and direction of the court in the administration of the trust, that would have no relation whatever to the question of whether Charlotte Morehead was entitled to an injunction restraining The Central Trust Company from selling property for less than its real value, and for a judgment setting aside a lease. If the demurrer to the cross-petition raised the question of the sufficiency of the petition, we would answer that the allegations of the petition state a cause of action.

The question is whether the court was right in sustaining the demurrer to the cross-petition and that depends on whether the cross-petition states a cause of action within the jurisdiction of the court. A reading and analyzing of the allegations of the rather lengthy cross-petition discloses that it does contain charges of mismanagement of the trust estate and an intention on the part of the trustee to lease and sell the real estate referred to in the petition at a price far below its real value. A trustee can always be called at the suit of the cestui que trust to account for his administration of the trust. We, therefore, conclude that giving the allegations of the cross-petition a reasonable construction, most favorable to the pleader, it does state a cause of action cognizable in some court in a proper proceeding.

The remaining question is, whether this is the proper forum and proceeding. It appears that The Central Trust Company was named executor and trustee under the last will of Bingaman H. Morehead, and was duly appointed to execute said trusts by the Probate Court of Hamilton County, and that it was and is engaged in administering said trusts under the orders of said court. That the Probate Court had jurisdiction over testamentary trusts prior to the "Probate Code" effective January 1st,

1932, is clear. **Fidelity & Deposit Co. v Wolfe, 100 Oh St, 332.** By §10501-53, GC (a part of the Probate Code of January 1st, 1932) the Probate Court is given jurisdiction "To appoint and remove guardians and testamentary trustees, direct and control their conduct and settle their accounts." There can, therefore, be no possible doubt about the jurisdiction of the Probate Court over testamentary trustees at the present time. This jurisdiction having been invoked in this case, does it exclude other courts from assuming jurisdiction? On general principles of comity, the authority of a court of competent jurisdiction that first assumes jurisdiction of a subject matter "continues until the matter is finally and completely disposed of; and no court of co-ordinate authority is at liberty to interfere with its action." 7 R.C.L. 1067. In the absence then of any statutory declaration on the subject and assuming that the Court of Common Pleas is a court of competent jurisdiction for this purpose, we would still hold that the Court of Common Pleas did not have jurisdiction to grant the cross-petitioner the relief for which she prays in this case, the Probate Court having previously acquired jurisdiction which it had not surrendered. However, there is a statutory declaration that is controlling. In §10501-53, GC, which confers jurisdiction upon the Probate Court over testamentary trustees, etc., it is enacted that "Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law." We know of no contrary provision.

We, therefore, hold that the court did not err in sustaining the demurrer and dismissing the cross-petition.

The judgment is affirmed.

ROSS, PJ, and HAMILTON, J, concur.