## TRUSS v CLOUSE

Ohio Appeals, 2nd Dist, Miami Co

No 358.   Decided Jan 21, 1937

Goodrich & Goodrich, Troy, for plaintiff-appellant.

A. W. DeWeese, Piqua, and J. H. De-Weese, Piqua, for defendant-appellee.

## OPINION

By THE COURT

The plaintiff instituted her action on September 28, 1935 in the Court of Common Pleas, Miami County, Ohio, against the defendant and filed her amended petition March 24, 1936.

Demurrers were interposed to both petitions, which were sustained. Plaintiff desiring to plead no further, her cause of action was dismissed. From the action of the trial court an appeal on questions of law is prosecuted.

The amended petition in part avers that plaintiff is the duly appointed, qualified and acting executrix of the estate of James Truss, deceased; that the defendant on November 17, 1930 was duly appointed executor of the estate of Carrie Y. Barber, deceased, without bond; that by the terms of an item of the last will and testament of Carrie Y. Barber, James Truss was given the income of $5000.00 during his lifetime; that the estate of Carrie Y. Barber, deceased, was inventoried and appraised at $83,644.82, a sum far in excess of all legacies and debts of said estate; "that the defendant should have taken steps to have had said trust created at that time (time of inventory and appraisement) and enough of the securities of said estate sold and reinvested by the trustee of said estate for the benefit of the said James Truss, which said defendant failed and neglected to do;" that the defendant as such executor negligently and fraudulently administered said estate and permitted the securities held by him to become dissipated and depreciated in value to the extent of 50% of their value when they came into his possession; that on May 20, 1933 the plaintiff for the first time discovered the negligent and fraudulent actions of the defendant; that on September 14, 1933 a motion was filed in the Probate Court to remove said executor, which was dismissed upon an agreement of the parties that the provisions of the will would be carried out; that notwithstanding the agreement the defendant still neglected and refused to see that James Truss received the proceeds of said trust fund and thereby defrauded him of his income; that the defendant filed his final account August 28, 1934, which was approved and settled September 29, 1934, and that in said account the defendant negligently and fraudulently failed to account for said trust estate for James Truss; that thereafter the Piqua National Bank & Trust Co. of Piqua, Miami County, Ohio,

upon application was appointed trustee of said trust; that the application was made by defendant, who was an assistant trust officer of said institution; that the estate had then depreciated under the fraudulent mismanagement of the defendant so that the trust fund was much less than $5000.00; that James Truss had received only $69.37 as income from said trust to the time of his death, which occurred July 19, 1935.

It was averred that James Truss' estate was damaged and defrauded in the sum of $300.00 per year, aggregating $1323.13, for which, with interest, judgment is prayed against the defendant.

There were four grounds of the demurrer: First: That this court has no jurisdiction over the subject matter alleged in the amended petition as the Probate Court under the General Code has exclusive jurisdiction over said subject matter. Second: That said plaintiff has not the legal capacity to bring such an action. Third: That said amended petition does not state facts sufficient to constitute a cause of action against this defendant as under the law said defendant was disqualified from even acting as trustee under said will. Fourth: That said action has not been brought within the time limited for the commencement of such actions.

We are of opinion that the first ground of the demurrer is well taken. §10501-53 GC provides:

"Except as hereinafter provided, the Probate Court shall have jurisdiction:
* * *
"3. To direct and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates:
* * *
"Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.
"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

The subject matter of the amended petition relates to the conduct of the defendant as an executor and in the settlement of his accounts. He is made a defendant as an individual but the cause of action is a collateral attack on the settlement of defendant's accounts as an executor. The action is at law and requires the application of no equitable principles. We know of no provision of law vesting the jurisdiction requisite to this action in the Common Pleas Court. It, therefore, is exclusively vested in the Probate Court by the terms of §10501-52, GC, supra. This is especially true because there is no charge of fraud or collustion against the defendant affecting the settlement of his final account, except in general terms and by way of legal conclusions. Fraud must be averred with distinctness and particularity. Rote v Stratton et, 2 N.P. 27; that this is an essential and material averment. See Crawford v Zeigler, 84 Oh St 224.

It is said in the brief of counsel for the defendant that the trial court sustained the demurrer upon the authority of Woodward v Curtis, 19 C.C. 15, 10 C.D. 400. The germane syllabus of this case is:

"The rule that the judgments of the Probate Court cannot be set aside, collaterally, except for fraud, applies to judgments approving accounts of executors."

This proposition is sound and is supported by many cases cited in the opinion. The principle has now been expressly carried into statutory enactment, as found in §10506-40 GC.

On the second ground of the demurrer we find nothing in the amended petition to disclose any incapacity of plaintiff to maintain the action.

The third ground of the demurrer is not a general demurrer but is specific in that it is claimed that the defendant was disqualified from acting as trustee under said will. We would not hazard judgment on a determination against the plaintiff on this ground of the demurrer because it may be that upon proper averments the defendant would be answerable as executor, though he could not at the same time have served both as executor and trustee.

Inasmuch as we have held that the jurisdiction to determine the cause of action set forth in the amended petition is vested exclusively in the Probate Court under §10501-53 GC, there is no necessity to consider the fourth ground of the demurrer, which is directed to the statute of limitations affecting the time within which the action of plaintiff could properly be instituted. Suffice to say that §10506-48 GC is not controlling because it is limited in its application to §10506-47 GC only.

The trial court properly sustained the demurrer. The judgment will be affirmed.

CRAIG, PJ, HORNBECK and BARNES, JJ, concur.