In re Trust of Will of Gallagher: Herald et al., Trustees, Appellants, *v.* Gallagher, Appellee.

(No. 4296—Decided March 12, 1963.)

*Messrs. Harrington, Huxley & Smith, Mr. John Schwemler* and *Mr. Jerry F. Whitmer,* for appellants.
*Messrs. Dargusch & Dargusch* and *Messrs. Cailor & Cailor,* for appellee.

Brown, J. This appeal on questions of law and fact arises from an application addressed originally to the Mahoning County Probate Court. The applicant states that he was an income beneficiary of a testamentary trust. The trust was established by Item 4 of the will of John Gallagher which was admitted to probate in Mahoning County in 1924. Prior to June 1952 applicant, Angus Gallagher, was receiving one-sixth of the trust income and his half brother, John P. Gallagher, was receiving one-sixth of said trust income. The death of John P. Gallagher without issue occurred at that time.

The trustees thereupon began paying the one-sixth portion of the trust income formerly paid to John P. Gallagher to Angus and did so until November 17, 1961. At that time the trustees notified Angus that one Mary Casey, individually and as the executor of the estate of John P. Gallagher, was claiming that the interest of John P. Gallagher at the time of his death in his grandfather John Gallagher's estate was a vested one-sixth interest in the trust property; that this interest passed under

478

his will and that she was entitled to an accounting thereof. The trustees concluded that this claim, if valid, would render the payments to Angus subsequent to June 1952 excessive by 50 per cent, and would result in an overpayment to Angus of trust income of approximately $85,000.

On the basis of this claim the trustees discontinued payment to Angus of the one-sixth interest of current income and discontinued the payment of the other one-sixth interest to Angus for the purpose of building a fund in order to eliminate or minimize the overpayment to Angus in the event the claim of Mary Casey is validated.

The purpose of the application was to obtain a direction from the Probate Court to the trustees requiring payment to Angus of the one-sixth portion of trust income which (it is admitted by all) is his under the will and thus to prevent the trustees from impounding it for the purpose of recouping in advance of a possible future determination that the Casey claim is valid and that an overpayment to Angus occurred.

The application is designated as one for an "order of distribution" and if proper such an action would be governed by Section 2109.36, Revised Code. We agree with appellants that Section 2109.36, does not apply.

Section 2101.24 (D), Revised Code, gives the Probate Court jurisdiction to "appoint * * * testamentary trustees" and to "direct and control their conduct," and further grants that court "plenary power at law and in equity fully to dispose of any matter properly before the court." The application is properly made and is in a proper court.

Orders controlling trustees are appealable on questions of law and fact under Section 2501.02 (4), Revised Code.

No question of the finality or appealability of this order was raised by either party.

It is the finding of this court that the one-sixth interest in the trust income is undisputedly payable to Angus Gallagher, and the possibility that the claim of Mary Casey may at some date be validated does not presently justify the trustees in impounding this income.

*Judgment accordingly.*

Donahue, P. J., and France, J., concur.