KINDT *v.* THE CLEVELAND TRUST COMPANY ET AL.

(No. 758570—Decided January 4, 1971.)

Probate Division, Common Pleas Court of Cuyahoga County.

*Mr. Reese Dill,* for plaintiff.
*Mr. Edward A. Eisele, Jr.,* for defendant Cleveland Trust Co.
*Mr. Sidney R. Davis,* for defendants David T. Kindt et al.
*Mr. Robert H. Trenkamp,* for Trustee for Suit.

ANDREWS, Chief Referee. Plaintiff brings this action for a declaratory judgment and construction of the will of Ernest T. Kindt.

Three of the defendants have filed counterclaims against plaintiff, to which plaintiff has filed identical answers.

Plaintiff's first defense is that each counterclaim fails to state a claim against plaintiff upon which relief can be granted.

His second defense is that the court has no jurisdiction of the subject matter.

Plaintiff prays that the counterclaims be dismissed.

Under Rule 12(B) of the Ohio Rules of Civil Procedure (hereinafter cited as "Civil Rule(s)," as permitted by Civil Rule 85), plaintiff had the option of including his first and second defenses in his responsive pleading or of making them by motion.

Although no party applied for a hearing and determination of these matters before trial (See Civil Rule 12(D)), I decided that such an early hearing and determination are desirable. Civil Rule 53(C) undoubtedly authorizes me to take this action.

An additional preliminary matter is raised by a motion for separate trials, filed by three other defendants. The movants want the issues raised by the counterclaims to be tried separately from those raised by the complaint and answers. See Civil Rule 42(B).

A hearing on the aforementioned matters has been held, at which arguments were presented.

A brief reference to the applicable pleadings will be helpful to an understanding of the problems confronting us.

As already stated, plaintiff's amended complaint is for a declaratory judgment and construction of the will. Plaintiff was named in the will as one of three trust advisors. He seeks a declaration concerning the validity of an appointment by this court of successor trust advisors to fill vacancies created by death and resignation. The will makes no provision for successor trust advisors.

In a second cause of action, plaintiff asks the court to

construe the will with reference to certain portions of the testamentary trust, not necessary to set forth in the present proceeding.

In addition to answering the complaint, three of the defendants, as already mentioned, have filed counterclaims. All three are beneficiaries of the testamentary trust.

Unfortunately, some of the allegations and prayers in the counterclaims are not properly part of the counter-claims, and should have been included in the answers. When these are sifted out, we discover that the gravamen of each counterclaim consists of an action for money damages against plaintiff for wrongfully obstructing the sale of the Kindt-Collins Company, by disapproving the sale as trust advisor and using various tactics to prevent it. Each of the three counterclaimants asks for substantial sums as compensatory damages, and one seeks a large additional amount as punitive damages.

Without doubt the mere fact that an action is for a declaratory judgment and construction of a will does not make the plaintiff immune from a counterclaim. See Harper, Declaratory Judgments in Oh·o: A Case Study, 28 U. Cin. L. Rev. 33, 67 (1959). But the subject matter of the counterclaim must be within the jurisdiction of the court. See Clark, Code Pleading, Section 101, pp. 639-640 (2d Ed. 1947); *Morehead* v. *Central Trust Co.* (1935), 54 Ohio App. 9 (action to construe will brought in Court of Common Pleas, which had jurisdiction; cross-petition dismissed because subject matter within exclusive jurisdiction of Probate Court); and see Civil Rule 12(B).

We must decide, then, whether the Probate Division has jurisdiction of the subject matter of these counter-claims.

Parenthetically, it must be noted that all laws and rules of the Probate Court remain in effect and apply to the Probate Division of the Court of Common Pleas unless otherwise provided by law. See 1969 H 7, Section 3, quoted below, R. C. 2101.01. Moreover, Civil Rule 82 provides that the Ohio Rules of Civil Procedure "shall not be con-strued to extend or limit the jurisdiction of the courts of this state,"

Concededly, jurisdiction of the Probate Division in the instant case depends upon R. C. 2101.24.

Subsection (D) of that section gives the Probate Court jurisdiction to appoint and remove guardians and testamentary trustees and to direct and control their conduct. Inasmuch as plaintiff is neither a guardian nor a testamentary trustee, the subsection does not apply.

Subsection (M) of the above section gives the Probate Court jurisdiction "to direct and control the conduct of fiduciaries and settle their accounts." However, by R. C. 2109.01, the term "fiduciary" as used in Chapters 2101. to 2131., inclusive, is limited to persons acting in a fiduciary cap..city who are *"appointed by and accountable to the probate court."* (Emphasis added.)

Despite that provision, counsel contends that as a trust advisor, plaintiff is a "quasi-fiduciary" and subject to our jurisdiction. It is unnecessary to decide this point, for even assuming that plaintiff in his capacity as a trust advisor, is within the court's jurisdiction, the subject matter of the counterclaims does not come within jurisdictional requirements.

An action for damages for alleged wrongful acts committed by plaintiff can, by no stretch of the imagination, be included in the phrase "to direct and control the conduct of fiduciaries." The counterclaimants are not asking us to direct and control plaintiff's conduct. They are asking us to award damages for his misconduct.

That is the difference between the present case and *Morehead* v. *Central Trust Co.* (1935), 54 Ohio App. 9, cited by counsel as supporting his argument that this court has jurisdiction of the subject matter of the counterclaims.

In *Morehead* the cross-petition sought an injunction against the trustee to prohibit him from selling certain real property belonging to the trust at less than its value. Clearly, that action was brought to direct and control the conduct of the trustee with respect to his handling of the trust property, under R. C. 2101.24(D). See also, *In re Trust of Will of Gallagher* (1963), 118 Ohio App. 477 (to order trustee to pay certain share of trust income to plaintiff).

Although different in its facts, *In re Estate of Martin*

(1962), 115 Ohio App. 515, is valuable because in holding that the Probate Court lacked jurisdiction, the court stressed the fact that the purported contract in question had no bearing upon the assets of the estate, the duties of the executor, or the court's supervision of the administration of the estate. See also *In re Estate of Porter* (Prob. Ct. 1969), 17 Ohio Misc. 136.

Only one Ohio case has been found which is even close to the present situation, namely, *Truss v. Clouse* (Ct. App. 1937), 23 Ohio Law Abs. 610.

In that case plaintiff brought an action in the Court of Common Pleas against an executor for failing to set up a trust and pay plaintiff's decedent the income therefrom. The executor's final account had previously been filed and approved by the Probate Court. In affirming the Common Pleas Court's dismissal of the action for want of jurisdiction over the subject matter, the Court of Appeals observed that although the defendant was sued as an individual, the cause of action was really a collateral attack on the settlement of his accounts as an executor, a matter vested exclusively in the Probate Court by Section 10501-53(3), General Code (now R. C. 2101.24(C)).

The distinction between *Truss v. Clouse* and the instant case needs no comment.

Counsel for the counterclaimants also invokes the "plenary power" clause of R. C. 2101.24:

"The probate court shall have plenary power at law and in equity fully to dispose of any matter *properly before the court,* unless the power is expressly otherwise limited or denied by statute." (Emphasis added.)

A matter over which the court has no jurisdiction is manifestly not "properly before the court," and consequently the court has no plenary power to dispose of it.

The rule is well stated in the second headnote of *Fellers v. Belau* (Com. Pl. 1961), 87 Ohio Law Abs. 54:

"Probate courts are courts of limited jurisdiction with plenary power *in the areas of jurisdiction delineated by statute.*" (Emphasis added.) See also, *In re Rich* (Prob. Ct. 1935), 19 Ohio Law Abs. 402.

For the above reasons, the Probate Division does not

6

have jurisdiction of the subject matter of the counterclaims, and they should be dismissed.

However, as mentioned earlier, a number of the paragraphs in the counterclaims, as well as several of the prayers, would be proper subjects for an answer. Consequently, leave will be granted to the defendants Adelaide T. Kindt, David T. Kindt, and Gladys L. Waite, to file amended answers in accordance with Civil Rule 15(A).

Although my decision on the question of jurisdiction of the subject matter, if approved, would render unnecesasry a decision on the motion for separate trials, I will nevertheless rule on the motion in the interest of a prompt determination of the issues raised by the amended complaint and the answers thereto. The motion for separate trials is granted.

Under the circumstances, there is no need for me to rule upon the plaintiff's first defense to the counterclaims.

*Conclusions of Law*

1. The subject matter of the counterclaims is not within the jurisdiction of the Probate Division, and the counterclaims should be dismissed.

2. The motion for separate trials is granted.