ALEXANDER ET AL., APPELLANTS, *v.* COMPTON ET AL.,
APPELLEES.

[Cite as Alexander v. Compton (1978),
57 Ohio App. 2d 89.]

(No. 344—Decided May 10, 1978.)

*Mr. William G. Fowler,* for appellants.
*Mr. Frank B. Jandes,* for appellants.

PER CURIAM. This cause came on to be heard upon the appeal, the transcript of the docket and journal entries, and the original papers and pleadings from the Court of Common Pleas, and the assignment of error. It was submitted without oral argument upon the briefs of counsel.

The plaintiffs-appellants are lawful heirs of Frances Moon, whose estate was administered by defendant-appellee Mildred Compton. Appellants allege in their complaint that they were excluded from participating in the distribution of the only probate asset of the estate, a parcel of real estate appraised at $700.

Appellants further allege that their exclusion was the result of intentional fraud on the part of the administratrix, for which fraud they seek punitive damages. They also seek a judgment against defendant-appellee Cincinnati Insurance Company, claiming that the administratrix violated conditions of a surety bond posted by Cincinnati Insurance.

The third count of appellants' complaint prays for the cancellation of the sale of the real estate to defendant-appellee Herschel Spurlock, claiming that Spurlock was not a bona fide purchaser for value.

On January 14, 1977, appellees filed a motion to dismiss alleging a lack of jurisdiction over the subject matter and that the issues are *res judicata*. The trial court granted appellees' motion on February 17, 1977, apparently dismissing the case for a lack of subject matter jurisdiction.

Appellants' single assignment of error is that the trial court erred to their prejudice by granting appellees' motion.

The appellants contend that the Court of Common Pleas and the Probate Court have concurrent jurisdiction over an action to vacate the final order of the Probate Court for fraud, and that the Court of Common Pleas has exclusive jurisdiction over such an action where damages are sought in addition to vacation.

While there is authority to both support[1] and contradict[2] appellants' contention that the two divisions of Common Pleas Court share jurisdiction over fraud claims, it is unnecessary for us to decide that issue. We find that the Probate Court does not have jurisdiction over any claim for money damages resulting from fraud.

R. C. 2109.35(A) provides, in part:

"The order of the probate court upon the settlement of a fiduciary's account shall have the effect of a judgment and may be vacated only as follows:

"(A) Such order may be vacated for fraud, upon motion of any person affected thereby or upon the court's own order, if such motion is filed or order is made within one year after discovery of the existence of the fraud. * * *"

Since appellants' action, based upon fraud, seeks not only to vacate the order of the Probate Court, but also

---

[1] In *Border* v. *Ohio Savings and Trust Company* (1970), 267 N. E. 2d 120, the court stated at page 122:

"* * *[J]udgments approving accounts of the executors are not subject to collateral attack except for fraud."

It thereby implied that an allegation of fraud would subject a probate court judgment to collateral attack. Compare *Truss* v. *Clouse* (1937), 23 Ohio Law Abs. 610.

[2] See 24 Ohio Jurisprudence 2d 178, Fiduciaries, Section 309; and *Neidecker* v. *Neidecker* (1939), 63 Ohio App. 416.

seeks money damages, the court is not entirely within the statutory jurisdiction granted to the Probate Court by R. C. 2109.35(A). Neither is it within the enumerated areas of jurisdiction granted the Probate Court in R. C. 2101.-24.

Appellees argue that the Probate Court has equity jurisdiction to adjudicate all questions arising in proceedings properly before it. R. C. 2101.33 states:

"The probate court has the same power as the court of common pleas to vacate or modify its orders or judgments."

R. C. 2101.24 provides that:

"The probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited by statute."

The equity power granted in these sections has been narrowly interpreted. In construing G. C. Section 10501-17 (R. C. 2101.33), the Ohio Supreme Court stated:

"* * * [T]his section deals merely with the vacation or modification of judgments. It does not purport to give the Probate Court any broad equity powers beyond that."[3]

The Probate Division of the Court of Common Pleas of Cuyahoga County, construing R. C. 2101.24 as it relates to a counterclaim for money damages in Probate Court, concluded:

"A matter over which the court has no jurisdiction is manifestly not properly before the court, and consequently the court has no plenary power to dispose of it."[4]

The court concluded that an action for money damages is not within the jurisdiction of the Probate Court.

The appellants, then, initiated their action for fraud and damages in the proper court.

"* * * [I]t is recognized in Ohio that in any case where the relief that may be had in the Probate Court is not adequate, the Common Pleas Court has jurisdiction."[5]

---

[3]*Pengelly* v. *Thomas* (1949), 151 Ohio St. 51, 57.
[4]*Kindt* v. *Cleveland Trust Co.* (1971), 26 Ohio Misc. 1, 5.
[5]14 Ohio Jurisprudence 2d 590, Courts, Section 170.

Correspondingly, the action on the bond was properly filed in the Court of Common Pleas. While there may be certain prerequisites to an action on the bond of a fiduciary,ᵃ the judgment sought on the bond in this case rests upon a claim for punitive damages, which, as found above, the Probate Division of Common Pleas Court would have no power to award.

Appellants' assignment of error, then, is well taken. The trial court's order granting appellees' motion to dismiss is reversed, and this cause is remanded to the Court of Common Pleas of Clinton County for further proceedings at law not inconsistent with this decision.

*Judgment reversed.*

SHANNON, P. J., KEEFE and BETTMAN, JJ., concur.

_____

ᵃSee 24 Ohio Jurisprudence 2d 61-64, Fiduciaries, Sections 225 and 226, regarding the jurisdiction of and prerequisites to an action on a bond.