## BANK ONE TRUST COMPANY, N.A.

### v.

### NYE et al.

Probate Court of Franklin County,
Ohio.

No. 451199 A.

Decided Feb. 13, 1998.

*Baker & Hostetler, L.L.P., Robert M. Kincaid, Jr.* and *Mark D. Senff,* for plaintiff Bank One Trust Co., N.A.

*Gary A. Jack,* for defendant Barbara A. Nye.

*Thompson, Hine & Flory, L.L.P., Thomas J. Bonasera* and *Maureen Taylor,* for defendant Community Foundations, Inc.

*Betty D. Montgomery,* Attorney General, and *Monica A. Moloney,* Assistant Attorney General, for the Attorney General.

LAWRENCE A. BELSKIS, Judge.

This matter comes before the court upon a motion to transfer action to general division filed by defendants. The court finds that the issues involved in this matter are within the substantive jurisdiction of the probate court and that this matter can be fully adjudicated in this court.

Grantor, Raymond C. Cook, and plaintiff, Bank One Trust Company, N.A., entered into an intervivos trust agreement, the final restatement of which was executed on December 22, 1988. The First Amendment to the Trust Agreement specifies pecuniary bequests totaling $750,000 to be made at the grantor's death. The trustee is also ordered to create a separate charitable unitrust in the amount of $1,000,000 to be held for the benefit of the grantor's sister, Beatrice C. Adamson, and niece, Barbara Nye, for their respective lives. The trustee is to pay to or for the use of Adamson and Nye or the survivor of them a unitrust amount equal to the lesser of the trust income for each tax year or eight percent of the net fair market value of the separate trust.

If the trust income for any tax year exceeds the unitrust amount, the trustee is instructed to pay to the beneficiaries such excess income to the extent the aggregate of the amounts paid in prior years is less than eight percent of the aggregate net fair market value of the trust assets for such years.

After the death of Adamson and Nye, the trust principal is to be added to the Raymond C. Cook Fund held by Community Foundations, Inc.

A complaint for instructions and declaratory judgment was filed by Bank One Trust Company, seeking a judicial determination of the plaintiff's rights and duties under the Trust Agreement of Raymond C. Cook and specifically addressing the allocation of funds between fixed income securities and equity securities and the trustee's obligation to obtain trust income of at least eight percent annually for the income beneficiary.

A counter-complaint was filed by defendant Barbara A. Nye, who demands judgment against plaintiff for the difference between the income distribution of eight percent of the fair market value of the trust; future special damages incurred by plaintiff; prejudgment interest on the amounts from the date defendant claims the distributions should have occurred; general damages for aggravation, inconvenience, distress, hardship, and suffering; disgorgement and return of all trustee fees charged to defendant Nye, including fees paid to the trust's own mutual funds; declaratory judgment on the trust agreement; removal of the trustee; an injunction prohibiting trustee from further charging the trust for any fees, deduction, and assessments; punitive damages in an amount sufficient to deter plaintiff from engaging in such further conduct in the future;

post-judgment interest, costs, expenses, attorney fees, and for all other relief which might be proper in the case.

Defendant Nye has filed a motion to transfer action to general division, stating that this court lacks jurisdiction to determine the issues of damages, breach of contract, and removal of the trustee.

The jurisdiction of the probate court is addressed in R.C. 2101.24, in which this court is given exclusive jurisdiction of many issues. The probate court is also granted concurrent jurisdiction with the general division of the court of common pleas for several other matters in R.C. 2101.24(B)(1). One of the areas of concurrent jurisdiction is "[a]ny action that involves an inter vivos trust." Pursuant to this statute, the plaintiff had the discretion to bring this action in either the court of common pleas, general division or probate division.

The Revised Code continues to state in R.C. 2101.24(C) that "the probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." The defendant has made no claims that the matter before the court is limited or denied by another section of the Revised Code.

This issue was addressed by the Eighth Appellate District in *Goff v. Ameritrust Co., N.A.* (May 5, 1994), Cuyahoga App. Nos. 65196 and 66016, unreported, 1994 WL 173544, which found that the probate court did have subject matter jurisdiction in an action by a beneficiary against co-guardians and co-executors for breach of fiduciary duty and money damages. The appellate court concluded:

"An action seeking monetary damages is within the probate court's plenary power at law and clearly affects the court's direction and control of the fiduciaries' conduct and affects the court's settlement of the fiduciaries' conduct and affects the court's settlement of the fiduciaries' accounts. It must be remembered that the probate court's plenary power at law authorizes the probate court to exercise complete jurisdiction over the subject matter to the fullest extent required in a given case." *Id.* at 8.

The Ohio Supreme Court notes the *Goff* decision favorably in *Lewis v. Moser* (1995), 72 Ohio St.3d 25, 647 N.E.2d 155. In *Lewis,* beneficiaries under a will and trust sued Star Bank, the executor of the estate, for compensatory and punitive damages before respondent, Judge John Moser, in the General Division of the Court of Common Pleas, Cuyahoga County. The respondent, Judge Moser, transferred the claims to the probate division. The probate court ruled that it did not have jurisdiction over claims for damages. The beneficiaries then looked to the Supreme Court for a writ of mandamus to compel the respondent (general division, common pleas) to adjudicate their claims against Star Bank. The

Supreme Court refused the writ of mandamus, stating, "we are not convinced that the probate court so patently and unambiguously lacks jurisdiction over claims for breaches of fiduciary duties seeking monetary damages that we are willing to issue a writ of mandamus and circumvent the appellate process." *Id.* at 28, 647 N.E.2d at 157. The court recognized that the relators relied on *Kindt v. Cleveland Trust Co.* (1971), 26 Ohio Misc. 1, 55 O.O.2d 53, 266 N.E.2d 84, and *Alexander v. Compton* (1978), 57 Ohio App.2d 89, 11 O.O.3d 81, 385 N.E.2d 638, holding that probate courts have no jurisdiction to award money damages. The Supreme Court relied on the same cases in deciding *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 22 OBR 27, 488 N.E.2d 210, and *Dumas v. Estate of Dumas* (1994), 68 Ohio St.3d 405, 627 N.E.2d 978.

The court then acknowledged an apparent change of philosophy. By *per curiam* decision, the court stated:

"In essence, the *Goff* court held that (1) the probate court's plenary jurisdiction at law and in equity under R.C. 2101.24(C) authorizes any relief required to fully adjudicate the subject matter within the probate court's exclusive jurisdiction, and (2) claims for breach of fiduciary duty, which inexorably implicate control over the conduct of fiduciaries, are within the subject-matter jurisdiction by virtue of R.C. 2101.24(A)(1)(c) and (1).

"The thoughtful discussion in *Goff* suggests a basis for reevaluating the holdings in *Kindt, supra,* and *Alexander, supra,* that probate courts cannot award monetary damages. We conclude, therefore, that relators have failed to establish the manifest lack of jurisdiction for which we will resolve this appealable issue and grant extraordinary relief. Accordingly, the writ of mandamus is denied." *Lewis, supra,* at 29, 647 N.E.2d at 157–158.

This court has previously awarded monetary damages relating to a claim for breach of fiduciary duties in the unreported case, *In re Guardianship of William W.R. Sirak,* Franklin County Probate Court, case No. 279,198. Likewise, in this action before the Franklin County Probate Court, it is the finding of this court that the issues raised by defendant Nye's counterclaim are within the substantive jurisdiction of this court.

Therefore, defendant's motion to transfer action to general division is DENIED.

*Motion denied.*