JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Plaintiff-appellant, Hayes Rowan ("Rowan"), appeals the common pleas court's decision granting defendant-appellee Ronald McLaughlin's ("McLaughlin") motion to dismiss for lack of subject matter jurisdiction. Finding no merit to the appeal, we affirm.
 {¶ 3} First, we address Rowan's disregard of the appellate rules contained in his appellate brief. He has certified that his brief was not served on McLaughlin, urging this court to "grant the appeal, ex parte." App.R. 13(B) and 18(A) require that the parties serve their briefs on opposing parties or counsel. This court sua sponte ordered Rowan to serve McLaughlin a copy of his brief pursuant to App.R. 13(B). McLaughlin indicated at oral argument that he received Rowan's brief pursuant to our order. Rowan is admonished to comply with all applicable rules in future filings in this court. Failure to comply with the appellate rules may result in sanctions.
 {¶ 4} McLaughlin is the guardian of Rowan's mother, Genevieve Rowan (the "ward"). In September 2004, Rowan filed an amended complaint against McLaughlin, purporting to allege various civil claims, including negligence, intentional infliction of emotional distress, and slander, arising out of McLaughlin's fiduciary relationship with the ward. McLaughlin moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that the probate court had exclusive jurisdiction over the matter. The common pleas court agreed and granted the motion.
 {¶ 5} Rowan appeals, raising one assignment of error. He claims that the trial court erred in dismissing the complaint because the probate court does not have jurisdiction to award money damages on his civil claims. He, therefore, maintains that the common pleas court should decide his claims. We disagree.
 {¶ 6} We review a trial court's decision on a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction under a de novo standard of review. Kramer v. Installations Unlimited, Inc.,147 Ohio App.3d 350, 2002-Ohio-1844. Under Civ.R. 12(B)(1), the question is whether plaintiff alleges any cause of action the court has authority to decide. Howard v. Supreme Court of Ohio, Franklin App. Nos. 04AP-1093 and 04AP-1272, 2005-Ohio-2130, citing Troutman v. Ohio Dept. ofRehab. Corr., Franklin App. No. 03AP-1240, 2005-Ohio-334.
 {¶ 7} R.C. 2101.24(A) grants the probate court exclusive jurisdiction "[t]o appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts." R.C. 2101.24(A)(1)(e). The Ohio Supreme Court has recognized that the probate division has continuing and exclusive jurisdiction over all matters pertaining to a guardian and ward. In re Clendenning (1945),145 Ohio St.2d 82. Indeed, the probate court's jurisdiction extends "to all matters `touching the guardianship.'" In re Guardianship ofJadwisiak (1992), 64 Ohio St.3d 176, 180, quoting In re Zahoransky
(1985), 22 Ohio App.3d 75.
 {¶ 8} Further, R.C. 2101.24(C) grants the probate division "plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly limited or denied by a section of the Revised Code."
 {¶ 9} Relying on Kindt v. Cleveland Trust Co. (1971), 26 Ohio Misc. 1, and Alexander v. Compton (1978), 57 Ohio App.2d 89, Rowan claims that the probate court lacks jurisdiction to award money damages on his claims. However, in Goff v. Ameritrust Co. (May 5, 1994), Cuyahoga App. Nos. 65196 and 66016, this court found Kindt and Alexander to be unpersuasive and reasoned that the probate court has authority to award money damages pertaining to claims within its exclusive jurisdiction, such as claims relating to the conduct of a guardian. See, also, In reEwanicky, Cuyahoga App. No. 81742, 2003-Ohio-3351; Ohio Farmers Ins. Co.v. Bank One (Aug. 21, 1998), Montgomery App. No. 16981; Johnson v. Allen
(1995), 101 Ohio App.3d 181. Indeed, in Goff, this court rejected the same argument advanced by Rowan and affirmed the trial court's dismissal of Goff's complaint for lack of subject matter jurisdiction, stating:
"An action seeking monetary damages is within the probate court's plenary power at law and clearly affects the court's direction and control of the fiduciaries' conduct and affects the court's settlement of the fiduciaries' accounts. It must be remembered that the probate court's plenary power at law authorizes the probate court to exercise complete jurisdiction over the subject matter to the fullest extent required in a given case."
 {¶ 10} Goff, supra. Further, the Ohio Supreme Court cited Goff with approval in State ex rel. Lewis v. Moser, 72 Ohio St.3d 25, 29,1995-Ohio-148, noting that its "thoughtful discussion * * * suggests a basis for reevaluating the holdings in Kindt, supra, and Alexander,
supra, that probate courts cannot award monetary damages."
 {¶ 11} Accordingly, because Rowan's claims pertained to McLaughlin's conduct in his capacity as a guardian, we agree with the common pleas court that it lacked subject matter jurisdiction. The probate court has exclusive jurisdiction over the claims pertaining to McLaughlin and the ward. Further, we find that Rowan's prayer for money damages does not divest the probate court of its jurisdiction over the matter.
 {¶ 12} The sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J. and Corrigan, J. Concur.