[Cite as *Sosnoswsky v. Koscianski*, 2018-Ohio-3045.]

Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106147**

**SAMI SOSNOSWSKY**

PLAINTIFF-APPELLANT

vs.

**JOHN P. KOSCIANSKI, ET AL.**

DEFENDANT-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-873745

**BEFORE:** Jones, J., Stewart, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** August 2, 2018

**ATTORNEYS FOR APPELLANT**

William A. Carlin
Mark W. Biggerman
Carlin & Carlin
29325 Chagrin Blvd., Suite 305
Cleveland, Ohio 44122


**ATTORNEYS FOR APPELLEE**

Charles T. Brown
Miles Phillip Welo
Mansour Gavin, L.P.A.
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114

ON RECONSIDERATION:

LARRY A. JONES, SR., J.:

{¶1} Upon review, this court sua sponte reconsiders its decision in this case. After reconsideration, the opinion as announced by this court on April 12, 2018, *Sosnoswsky v. Koscianski*, 8th Dist. Cuyahoga No. 106147, 2018-Ohio-1409, is hereby vacated and substituted with this opinion.[1]

{¶2} This matter involves the issue of whether the probate division or the general division of the Cuyahoga County Common Pleas Court had jurisdiction over a complaint alleging breach of fiduciary duty, negligence, fraud, conversion, and that sought a constructive trust and an accounting. Upon de novo review, we reverse and remand.

**Procedural History and Facts**

{¶3} Plaintiff-appellant, Sami Sosnoswsky ("Sosnoswsky"), was gifted money to be placed into a trust until she turned 18 years old. Judith Lieber, Sosnoswsky's mother, was custodian of the account. From 1973 – 1980, the following amounts were to be placed in the trust: $19,000 from Sosnoswsky's grandmother, $6,057.40 from her grandfather, and $50,000 from her father. Sosnoswsky has alleged that the trust is currently worth about $2,000,000.

{¶4} In February 2016, defendant-appellee John Koscianski ("Koscianski") was appointed the guardian of the estate and person of Lieber. On December 12, 2016, Sosnoswsky filed a complaint in the probate division of the Cuyahoga County Common Pleas Court (Probate Court Case No. 2016ADV221589). She filed a second complaint in the court's general division on

---

[1]"[B]y virtue of the jurisdiction conferred by Section 3(B), Article IV, Ohio Constitution, courts of appeals also have inherent authority in the furtherance of justice, to reconsider their judgments sua sponte." *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 1992-Ohio-20, 594 N.E.2d 616, citing *Tuck v. Chapple*, 114 Ohio St. 155, 151 N.E. 48 (1926).

December 29, 2016 (Common Pleas Case No. CV-16-873745). The complaints were virtually identical in that they named the same defendants and alleged that, due to Lieber's fraudulent conveyance of the funds, Sosnoswsky never received any of her trust money. The complaints named Koscianski as guardian of Lieber and several financial institutions as defendants. Importantly, the allegations dealt solely with the actions of Lieber, a ward, that took place prior to the guardianship being established.

{¶5} Koscianski filed a motion to dismiss the complaint in the general division pursuant to Civ.R. 12(B)(1), for lack of subject matter jurisdiction. The court stayed the case pending decision by the probate division court on the complaint Sosnoswsky had filed with that court. On April 28, 2017, Sosnoswsky voluntarily dismissed her complaint without prejudice in the probate court and moved to reinstate her general division case to the active docket. The general division trial court granted her motion to reinstate the case to the active docket. Sosnoswsky refiled her probate court complaint on May 18, 2017 and a Civ.R. 41 notice of dismissal of that complaint on October 31, 2017 (Cuyahoga Common Pleas Court, Probate Division Case No. 2017ADV225631).

{¶6} Koscianski moved to renew the original motion to dismiss in the general division. On July 31, 2017, prior to the October 31, 2017 dismissal of her probate court complaint, the general division trial court granted the motion to dismiss, holding, in part:

> Pursuant to R.C. 2101.24, it is well settled that the probate court has exclusive jurisdiction, unless otherwise provided by law, as to all matters set forth in R.C. 2101.24 and as to all matters pertaining directly to the administration of estates.

> [T]his instant matter involves a ward [Lieber] that is currently under guardianship in the Cuyahoga County Probate Court. The Court finds that Plaintiff's claims are controlled by Ohio Rev. Code 2109.50 through Ohio Rev. Code 2109.56 and the Probate Court has exclusive jurisdiction of this matter. As such, Defendant's Motion to Dismiss is granted for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(l).

**{¶7}** Sosnoswsky filed a notice of appeal, raising one assignment of error for our review:

> The trial court erred in granting the defendant's motion to dismiss complaint on the ground that the Cuyahoga County Court of Common Pleas lacked subject matter jurisdiction in accordance with Civ.R. 12(B)(1).

## Law and Analysis

**{¶8}** In her sole assignment of error, Sosnoswsky claims that the trial court erred in dismissing her complaint for lack of subject matter jurisdiction under Civ.R. 12(B)(1). The standard of review for a Civ.R. 12(B)(1) dismissal is whether any cause of action cognizable by the forum has been raised in the complaint. *Prosen v. Dimora*, 79 Ohio App.3d 120, 123, 606 N.E.2d 1050 (9th Dist.1992), citing *Avco Fin. Servs. Loan, Inc. v. Hale,* 36 Ohio App.3d 65, 67, 520 N.E.2d 1378 (10th Dist.1987); *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 537 N.E.2d 641 (1989). This determination involves a question of law that we review de novo. *Phillips v. Deskin*, 5th Dist. Richland No. 12CA119, 2013-Ohio-3025, ¶ 8, citing *Shockey v. Fouty*, 106 Ohio App.3d 420, 666 N.E.2d 304 (4th Dist.1995). In doing so, we accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Phillips* at *id.*, citing *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991).

## Jurisdiction of Probate Court

**{¶9}** The probate court is a court of limited jurisdiction; it can exercise just such powers as are conferred on it by statute and the constitution of the state. *Goff v. Ameritrust Co., N.A.*, 8th Dist. Cuyahoga Nos. 65196 and 66016, 1994 Ohio App. LEXIS 1916, 10-11 (May 5, 1994), citing *Schucker v. Metcalf*, 22 Ohio St.3d 33, 488 N.E.2d 210 (1986).

**{¶10}** The Ohio Supreme Court has historically recognized that the probate division's jurisdiction includes "continuing and exclusive jurisdiction over both the ward and the guardian." *In re Clendenning*, 145 Ohio St. 82, 92, 60 N.E.2d 676 (1945).

In this state the Probate Court does have continuing, exclusive jurisdiction over both the ward and the guardian, where no appeal has been perfected. * * * A guardian is an officer of the court appointing him. * * * A ward receives such status from a proceeding in rem in the Probate Court. The ward becomes the ward of the court. The control of the ward's person and property remains in the Probate Court with the discharge of the duties in respect thereof being delegated to a guardian as the agent of the court and subject to the orders of the court.

*Id.*

{¶11} This jurisdiction is codified in R.C. 2101.24, which provides that a probate court has exclusive jurisdiction over the following matters:

(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

***

(e) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts;

* * *

(m) To direct and control the conduct of fiduciaries and settle their accounts;

 * * *

(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code.

{¶12} In *Schucker v. Metcalf*, 22 Ohio St.3d 33, 488 N.E.2d 210 (1986), the Supreme Court of Ohio determined that "the probate division has no jurisdiction over claims for money damages arising from allegations of fraud." *Id.* at 35; *see also Dumas v. Estate of Dumas*, 68 Ohio St.3d 405, 408, 627 N.E.2d 978 (1994) ("Even though [plaintiff] seeks an order to rescind the transfer of assets of the trust * * * which order, if granted may affect the administration of [the] probate estate, her primary aim is still the recovery of monetary damages from the alleged

fraud * * * [and] the issues raised * * * were solely within the jurisdiction of the general division * * *."); *Dallas v. Childs*, 8th Dist. Cuyahoga No. 65150, 1994 Ohio App. LEXIS 2694, 4-5 (June 23, 1994) ("As a matter of law, a probate court has no jurisdiction over a claim for money damages resulting from fraud. *Alexander v. Compton* (1978), 57 Ohio App.2d 89, 385 N.E.2d 638. *See*, *also*, *DiPaolo v. DeVictor* (1988), 51 Ohio App.3d 166, 555 N.E.2d 969").

{¶13} In *Goff v. Ameritrust Co., N.A.*, 8th Dist. Cuyahoga Nos. 65196 and 66016, 1994 Ohio App. LEXIS 1916 (May 5, 1994), this court held that the probate court's jurisdiction over the guardianship extends to all matters "touching the guardianship" under R.C. 2101.24. *Id.,* citing R.C. 2111.13(A); *see also In re Rauscher*, 40 Ohio App.3d 106, 531 N.E.2d 745 (8th Dist. 1987). The *Goff* court found that a fiduciary may be liable for monetary damages for maladministration of a decedent's or a ward's estate in probate court. *Id.* at 23. "An action seeking monetary damages is within the probate court's plenary power at law and clearly affects the court's direction and control of the fiduciaries' conduct and affects the court's settlement of the fiduciaries' accounts." *Id.* at 22.

**Broadening of Probate Court's Jurisdiction**

{¶14} More recently, the Ohio Supreme Court has embraced a "broader view of the probate court's jurisdiction." *Keith v. Bringardner*, 10th Dist. Franklin No. 07AP-666, 2008-Ohio-950, ¶ 9-11. In *State ex rel. Lewis v. Moser*, 72 Ohio St.3d 25, 29, 647 N.E.2d 155 (1995), the Ohio Supreme Court, in noting this court's opinion in *Goff*, found:

> In essence, the *Goff* court held that (1) the probate court's plenary jurisdiction at
> law and in equity under R.C. 2101.24(C) authorizes any relief required to fully
> adjudicate the subject matter within the probate court's exclusive jurisdiction, and
> (2) claims for breach of fiduciary duty, which inexorably implicate control over the

conduct of fiduciaries, are within that subject-matter jurisdiction by virtue of R.C. 2101.24(A)(1)(c) and (l). The thoughtful discussion in *Goff* suggests a basis for reevaluating the holdings in *Kindt* [*v. Cleveland Trust Co.*, 26 Ohio Misc. 1, 266 N.E.2d 84 (C.P.1971)] and *Alexander*, supra, that probate courts cannot award monetary damages.

{¶15} In *Lewis*, the court rejected a challenge to the probate court's jurisdiction to decide a claim for breach of fiduciary duties even though the relators sought money damages against the estate's executor and attorney. "Since *Lewis*, other appellate courts have rejected the proposition that probate courts cannot award monetary damages for claims that are within the exclusive jurisdiction of the probate court, such as claims based upon the conduct of a guardian." *Keith* at ¶ 11.

{¶16} This court took note of Ohio courts' broadening of the probate court's jurisdiction in *Rowan v McLaughlin*, 8th Dist. Cuyahoga No. 85665, 2005-Ohio-3473, ¶ 9:

Relying on *Kindt v. Cleveland Trust Co.* (1971), 26 Ohio Misc. 1, 266 N.E.2d 84, and *Alexander v. Compton* (1978), 57 Ohio App.2d 89, 385 N.E.2d 638, Rowan claims that the probate court lacks jurisdiction to award money damages on his claims. However, in *Goff v. Ameritrust Co.* (May 5, 1994), Cuyahoga App. Nos. 65196 and 66016, 1994 Ohio App. LEXIS 1916, this court found *Kindt* and *Alexander* to be unpersuasive and reasoned that the probate court has authority to award money damages pertaining to claims within its exclusive jurisdiction, such as claims relating to the conduct of a guardian.

The *Rowan* court further held: "The probate court has exclusive jurisdiction over the claims pertaining to McLaughlin [the guardian of Rowan's mother] and the ward." *Id.* at ¶ 11.

{¶17} In *Rheinhold v. Reichek*, 8th Dist. Cuyahoga No. 99973, 2014-Ohio-31, the plaintiff alleged conversion, fraud, negligence, and legal malpractice, civil liability, breach of fiduciary duty, and statutory liability against a former guardian, attorney, and financial institution. This court, relying on *Goff, Moser*, and *Lewis*, rejected the proposition that probate courts cannot award monetary damages for claims that are within the exclusive jurisdiction of the probate court, such as claims based upon the conduct of a guardian. *Rheinhold* at ¶ 12. All of the plaintiff's claims arose out of alleged conduct by her mother *as guardian*, the attorney for the guardian, and the bank's handling of the funds.

{¶18} Koscianski argues that the probate court has exclusive jurisdiction and control of a guardian and all things that "touch the guardianship"; therefore, Sosnoswsky's claim that the case belongs solely in the general division is incorrect. The cases mentioned above, as well as the other Ohio cases we have reviewed, concern actions against a fiduciary of an estate and/or ward. The issue in this case differs. We are called upon to determine whether a probate court has exclusive jurisdiction, to the exclusion of the common pleas court general division, to hear and determine a cause of action brought by a ward's child (or other beneficiary) against the ward's estate for actions of the *ward.*

{¶19} Sosnoswsky's complaint alleges that her mother, Lieber, a ward of the state, was the perpetrator of the offending acts — the complaint refers to improper acts that Lieber did and did not do with the money Sosnoswsky claims belonged to her and various financial institutions handling of the funds. Importantly, the complaint does not call into question the conduct of Koscianski as Lieber's guardian.

{¶20} The above cited case are all distinguishable because they involved claims relating to the actions of a fiduciary, and not a ward. In this case, the claims relate entirely to the conduct of

the ward.

{¶21} R.C. 2101.24 does not provide for jurisdiction over claims made against a ward. The majority of the cases we have reviewed have cited to R.C. 2101.24(A)(1)(c), (e), and (m) to prove statutory authority for fraud cases brought in probate court. These subsections provide that probate court has exclusive jurisdiction to direct and control the conduct and settle the accounts of (c) executors; (e) guardians, conservators, and testamentary trustees, and (m) fiduciaries.

{¶22} We recognize that, pursuant to R.C. 2111.13, the guardian of a ward has a duty to "protect and control the person of the ward." R.C. 2111.13(A)(1). We do not find that this is sufficient, however, to convey exclusive jurisdiction to the probate court over a ward's conduct, especially since, in this case, the allegations stem from actions that occurred *prior* to the guardianship being established.

{¶23} Therefore, the probate court did not have exclusive jurisdiction over Sosnoswsky's claims.

**Jurisdictional Priority Rule Does Not Apply**

{¶24} We have determined that the probate court does not have exclusive jurisdiction over the claims. We further find that the probate court did not have concurrent jurisdiction over Sosnoswsky's claims; therefore, even though Sosnoswsky first filed her complaint in probate court, the jurisdictional-priority rule does not apply.

{¶25} "The jurisdictional priority rule prevents the prosecution of two actions involving the same controversy in two courts of concurrent jurisdiction at the same time." *Davis v. Cowan Sys.*, 8th Dist. Cuyahoga No. 83155, 2004-Ohio-515, ¶ 11. "'The jurisdictional priority rule provides that 'as between [state] courts of concurrent jurisdiction, the tribunal whose power is

first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties.'" *Id.,* quoting *State ex rel. Racing Guild of Ohio v. Morgan,* 17 Ohio St.3d 54, 56, 476 N.E.2d 1060 (1985), quoting *State ex rel. Phillips v. Polcar*, 50 Ohio St.2d 279, 364 N.E.2d 33 (1977), syllabus.

{¶26} But, as stated, probate court is a court of limited jurisdiction. By statute, probate court only has concurrent jurisdiction with the general division if:

> (a) If jurisdiction relative to a particular subject matter is stated to be concurrent in a section of the Revised Code or has been construed by judicial decision to be concurrent, any action that involves that subject matter;
>
> (b) Any action that involves an inter vivos trust; a trust created pursuant to section 5815.28 of the Revised Code; a charitable trust or foundation; subject to divisions (A)(1)(t) and (y) of this section, a power of attorney, including, but not limited to, a durable power of attorney; the medical treatment of a competent adult; or a writ of habeas corpus;
>
> (c) Subject to section 2101.31 of the Revised Code, any action with respect to a probate estate, guardianship, trust, or post-death dispute that involves any of the following:
>
> (i) A designation or removal of a beneficiary of a life insurance policy, annuity contract, retirement plan, brokerage account, security account, bank account, real property, or tangible personal property;
>
> (ii) A designation or removal of a payable-on-death beneficiary or transfer-on-death beneficiary;
>
> (iii) A change in the title to any asset involving a joint and survivorship interest;
>
> (iv) An alleged gift;
>
> (v) The passing of assets upon the death of an individual otherwise than by will, intestate succession, or trust.

R.C. 2101.24(B)(1).

{¶27} None of the enumerated exceptions in 2101.24(B)(1) confer probate court

concurrent jurisdiction over this matter. Therefore, the jurisdictional- priority rule does not apply to the matter at hand.

{¶28} Based on this record, jurisdiction was proper in the general division of the common pleas court. Thus, the trial court erred when it dismissed Sosnoswsky's complaint for lack of subject matter jurisdiction. The sole assignment of error is sustained.

{¶29} The trial court's decision is vacated and Common Pleas Case No. CV-16-873745 is hereby reinstated. Case remanded for proceedings in accordance with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MELODY J. STEWART, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR